IN RE STANINOVSKI

(No. V83-59547—Decided
June 26, 1987.)

Court of Claims of Ohio,
Victims of Crime Division.

*Richard F. Swope,* for the applicant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merrill H. Henkin,* for the state of Ohio.

STERN, J. This matter is before the court as an appeal of right by the applicant of the single commissioner's and panel commissioners' denial of a reparations award under R.C. 2743.51. Appellant, Ruth A. Staninovski, was awarded $500 by the single commissioner as allowable funeral expense under former R.C. 2743.51(F) and this decision was affirmed by the three-member panel.

R.C. 2743.53 and R.C. 2743.61 authorize appeal to this court as the final authority in reparations matters. This court upon appellate review may not substitute its judgment for the commissioners' judgment nor may this court weigh the evidence. *In re Voshart* (Apr. 24, 1986), Court of Claims No. V83-65717 jud, unreported. The court is limited by R.C. 2743.61(A) to reversing only those commissioner decisions which are unreasonable or unlawful. This court held in *In re Schroepfer* (1983), 4 Ohio Misc. 2d 15, 4 OBR 506, 448 N.E. 2d 528, that the Victims of Crime Act did not create a death benefit or a health and accident insurance fund. The court further noted that the legislation creating the Reparations Fund is not to be broadly construed and is not subject to remedial interpretation. *Id.* at 17, 4 OBR at 509, 448 N.E. 2d at 531.

Appellant's basis for appeal is the panel commissioners' affirmance of the single commissioner's denial of a reparations award in two facets, "dependent's economic loss" and "dependent's replacement services loss," as defined by R.C. 2743.51(I) and (J), respectively. Appellant asserts that economic loss on her behalf must include the alleged future employment of her decedent at a yearly salary of $22,000. This amount is over three times the salary decedent was earning at the time of his death. This future employment was for the appellant's father and was to have been as a manager of an apartment complex in Lucasville, Ohio. R.C. 2743.52 places the burden of proof by a preponderance of the evidence upon the applicant-appellant. *In re Rios* (1983), 8 Ohio Misc. 2d 4, 8 OBR 63, 455 N.E. 2d 1374. The three-commissioner panel heard testimony from applicant and her father during the January 9, 1985 hearing with counsel present. The court in *In re Barber* (Oct. 9, 1980), Court of Claims No. V78-3915 jud, unreported, held that self-serving affidavits are not sufficient evidence absent further corroboration in appellant's favor. The panel commissioners heard testimony in support of submitted affidavits and denied appellant's award application as did the initial single commissioner. This court finds no abuse of discretion by the panel nor does it find the decision

below either unreasonable or unlawful. Appellant cites an Ohio case, *Senn* v. *Lackner* (1951), 91 Ohio App. 83, 46 O.O. 331, 100 N.E. 2d 419, affirmed (1952), 157 Ohio St. 206, 47 O.O. 136, 105 N.E. 2d 49, as being supportive of the proposition that acceptance of a job not yet begun is a proper ingredient in the calculation of future earnings. *Senn* involved a suit by an administratrix wherein the decedent was employed in a technically complex field. The Second District Court of Appeals upheld the admission of lay testimony as to the decedent's future likelihood of promotions and career advancement. *Id.* at 89, 46 O.O. at 334, 100 N.E. 2d at 423. *Senn* is distinguishable on the facts since the decedent there was already employed in the same job to which the testimony as to future earnings related. Appellant's decedent was not so employed and salary from this potential job is speculative and suspect.

Appellant's cite of *In re Roquemore* (May 20, 1981), Court of Claims No. V80-32931sc, unreported, is also distinguishable factually. *Roquemore* involved a supplemental opinion by the single commissioner which allowed a reparations award for unreimbursed work loss for employment the appellant was to begin two days after his injury due to criminally injurious conduct. The employment in *Roquemore* was specific as to commencement and was not for a relative of the applicant. The court may not substitute its judgment for the panel's in this matter and the finding of the panel rejecting appellant's application for reparations in excess of the $500 funeral expense is neither unreasonable nor unlawful.

The decision of the single commissioner and the three-commissioner panel is affirmed and the appeal is dismissed.

*Order affirmed.*

LEONARD J. STERN, J., retired, of the Supreme Court of Ohio, sitting by assignment.