**In re HUDNALL.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93–64977.

Decided Nov. 6, 1995.

*Jeffrey R. Bibbo* and *Michael D. Falleur*, for the applicant.

*Betty D. Montgomery*, Attorney General, for the state.

RUSSELL LEACH, Judge.

This matter came on to be considered upon applicant's appeal of the June 20, 1995 order of a three-commissioner panel. The panel's order approved and affirmed the decision of the single commissioner, who entered judgment for the applicant, Regina Hudnall. However, an award of reparations was not granted, since all of the money received from an insurance settlement must be considered to be a collateral source pursuant to R.C. 2743.60(D).

The applicant contends that the panel should have remanded the matter to the Attorney General to apportion damages received from the settlement between economic loss and noneconomic loss.

On September 23, 1992, the applicant was injured when she was struck by an automobile in Gallipolis, Ohio. The driver was charged with driving under the influence. The applicant has received a $12,500 insurance settlement from

Superior Insurance Company (net proceeds after attorney fees were $8,313.34). On September 17, 1993, the applicant signed a full and final release relinquishing all claims against the driver and his insurance company. The release stated that the settlement was for applicant's "bodily injury" and did not state how much, if any, was for pain and suffering, as distinguished from such economic losses as wage loss.

Applicant's wage loss amounted to $1,673.98. She contends that while $8,313.34 exceeds that amount, both the panel and single commissioner erred in not considering part, if not the vast majority, of the settlement money as payment for her pain and suffering.

R.C. 2743.52 places the burden of proof on an applicant to satisfy the Court of Claims commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. In this matter, the panel found, upon review of the evidence, that applicant had not presented sufficient evidence to meet her burden to prove that she sustained economic loss not offset by collateral recoveries. This court cannot find the panel's order to be unreasonable or unlawful.

Further, since applicant executed a complete release in the settlement agreement, the Attorney General is precluded from exercising the right of subrogation on behalf of the reparations fund against the driver. By such action, the court finds and concludes that applicant has waived any rights to participate in the Victims of Crime Program.

For the aforesaid reasons, the court finds the order of the panel of commissioners in this matter to be both reasonable and lawful.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be affirmed and that the applicant's appeal must be denied.

IT IS HEREBY ORDERED THAT:

1. The order of June 20, 1995 is approved, affirmed, and adopted;

2. Judgment is entered for applicant; however, no award is granted due to collateral source availability;

3. This order is entered without prejudice to applicant's right to file a supplemental reparations application if the applicant incurs unreimbursed economic loss;

4. Costs assumed by the reparations fund.

*Judgment accordingly.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.