**In re DOUGLAS.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93–75219.

Decided June 5, 1996.

*Betty D. Montgomery*, Attorney General, for the state.

LEACH, Judge.

This matter came on to be considered upon applicant's appeal from the August 31, 1995 order issued by the panel of commissioners. The panel's determination reversed the decision of the single commissioner, which denied the applicant's claim for an award of reparations. The panel found that the decedent, Richard V. Douglas, qualified as a "victim" as defined in R.C. 2743.51(L) and remanded the claim to the single commissioner for further determination.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63,

455 N.E.2d 1374. The panel found, upon review of the evidence, the applicant, Donna M. Douglas, presented sufficient evidence to meet her burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

The issue in this case is whether the decedent qualifies as a victim of criminally injurious conduct. The court finds the panel's decision finding the decedent to be a victim of criminally injurious conduct to be against the manifest weight of the evidence and unreasonable. The material facts in this case are akin to the facts in the panel's prior determination in *In re Mrozinski* (Oct. 25, 1994), Ct. of Cl. No. V93–26935tc, unreported. In *Mrozinski*, the panel reversed the decision of the single commissioner and denied the applicant's claim finding the decedent was not a victim of "criminally injurious conduct" as defined in R.C. 2743.51(L). The decedent in *Mrozinski* sustained a fatal heart attack while reporting the theft of his automobile that he had chased until he lost sight of it. The panel found that the underlying crime, grand theft motor vehicle, was not criminally injurious conduct because the theft did not pose a substantial threat of personal injury or death to the decedent. Decedent, Mrozinski, chased his automobile in an attempt to prevent its theft and was not confronted by the offender.

In the instant case, the decedent observed several young persons running from his lawn and noticed that his Christmas decorations were missing. The decedent chased the juveniles in order to prevent the theft of his property. Upon giving up chase, the decedent returned to his home approximately two minutes later and, approximately ten minutes later, was in full cardiac arrest. The decedent was pronounced dead at the emergency room.

As in *Mrozinski*, the decedent was not threatened with personal injury or confronted by the alleged offenders. Likewise, the decedent in this case voluntarily gave chase in an attempt to prevent his property from being stolen. The court finds *the underlying crime, theft, did not pose a substantial threat of personal injury or death.*

This case is *distinguishable from* the decision the panel of commissioners relied upon, *In re Fristoe* (1994), 66 Ohio Misc.2d 144, 643 N.E.2d 622. In *Fristoe*, the *applicant was subjected to a threat of personal injury when she attempted to detain the offender* who had been throwing large objects at her

home, breaking the windows. The applicant grabbed the offender while still on her property and fell as he pulled away.

As previously noted, the decedent in the present case was not confronted by the offenders and there was no threat of violence.

Upon review of the file in this matter, the court finds that the panel of commissioners was arbitrary in finding that the applicant showed, by a preponderance of the evidence, that she was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable. Therefore, this court reverses the decision of the three-commissioner panel and hereby denies the applicant's claim.

*Claim denied.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.