**In re SCOTT.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V90-51793.

Decided Jan. 16, 1997.

*Philip H. Sheridan, Jr.*, for the applicant.

*Betty D. Montgomery*, Attorney General, for the state.

LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the July 28, 1995 order issued by the panel of commissioners. The panel's

determination set aside the decision of the single commissioner, which held that the applicant, Eddie D. Scott, should repay the reparations fund $13,915.60 due to the applicant's nullification of the state's subrogation rights. The panel found that the single commissioner erred in finding that the settlement constituted a collateral source and erred in ordering the applicant to repay "subrogated" funds to the reparations fund. However, the panel ordered that no award be granted due to recoupment from "other persons," as provided in R.C. 2743.60(D). The panel further ordered that the $13,915.60 overpayment be set off against any additional economic loss incurred by the applicant to the extent that the overpayment has not been recovered by the reparations fund.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant failed to present sufficient evidence to meet his burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Sub.H.B. No. 363 amended R.C. 2743.51, 2743.60, 2743.66, and 2743.72 to authorize the Attorney General to seek recovery of an award of reparations if the applicant was not eligible for the award, the award should not have been made, or the applicant is compensated by a collateral source for the expenses covered by the award.

Furthermore, Section 3 of Sub.H.B. No. 363 declared that:

"[N]otwithstanding sections 1.48 and 1.58 of the Revised Code, the amendments made by this act apply to a claim for reparations based on criminally injurious conduct that occurred after, before, or on the effective date of this act and for which no final order of reparations from the Court of Claims has been issued."

A judge of the Court of Claims is the final authority concerning claims under the Victims of Crime Act. A final order is issued when the judge's decision is journalized by the Court of Claims. Accordingly, Sub.H.B. No. 363 applies to the instant claim since a final order has not yet been issued.

R.C. 2743.66(D) was amended to read as follows:

"(4) If the claimant receives compensation from any other person or entity, including a collateral source, for an expense that is included within the award, the attorney general may recover pursuant to section 2743.72 of the Revised Code the part of the award that represents the expense for which the claimant received the compensation from the other person or entity." (Emphasis added.)

This court has previously denied an award based upon recoupment as provided from independent third-party defendants, pursuant to R.C. 2743.60(D). *In re Norek* (Mar. 5, 1987), Ct. of Cl. No. V85–51799jud, unreported.

█ Therefore, the panel correctly determined that the applicant's economic loss had been recouped from the civil settlement monies advanced by the owner of The Horse of a Different Color Tavern (*i.e.*, from other persons, as provided in R.C. 2743.60[D] ).

This court also finds that pursuant to the decision rendered in *In re Hudnall* (Nov. 6, 1995), Ct. of Cl. No. V93–64977jud, unreported, the applicant waived any rights to participate in the Victims of Crime Program by executing a complete release in the settlement agreement with The Horse of a Different Color et al.

Furthermore, the court finds that the Attorney General may recover the original award of $13,915.60 pursuant to R.C. 2743.72 and Sub.H.B. No. 363.

Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that the applicant did not show, by a preponderance of the evidence, that he was entitled to an award of reparations. However, in light of Sub.H.B. 363 and the single commissioner's order, the court finds that the single commissioner has ample authority, pursuant to R.C. 2743.72(D), to order the applicant to repay the award to the state.

R.C. 2743.72(D), as amended, states:

"If an award of reparations is made to a claimant under sections 2743.51 to 2743.72 of the Revised Code, if the claimant receives compensation from any other person or entity, including a collateral source, for an expense that is included within the award, the attorney general is entitled to recover from the claimant the part of the award that represents the expense for which the claimant received the compensation from the other person or entity. To recover that part of the award, the attorney general may file a finding of fact and recommendation against the claimant with a court of claims commissioner. If, after filing the finding of fact and recommendation, the attorney general proves that the claimant received compensation from any other person or entity, including a collateral source, for an expense that was included within the award, the court of claims shall enter an order against the claimant that requires the claimant to

repay to the state the part of the award that represents the expense for which the claimant received the compensation from the other person or entity."

Therefore, this court will affirm in part and reverse in part the decision of the three-commissioner panel. The claim is denied and the applicant is ordered to repay the reparations fund $13,915.60. The Attorney General may enforce the court's order and is authorized to take appropriate action to collect the monies.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be affirmed in part and reversed in part and the Attorney General's appeal must be granted.

IT IS HEREBY ORDERED THAT:

1. The order of June 28, 1995 is AFFIRMED in part and REVERSED in part;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. The March 28, 1991 order is hereby VACATED;

4. The clerk shall cancel the $6,764.75 warrant;

5. The applicant shall repay the $13,915.60 to the reparations fund;

6. The Attorney General may enforce this order and is authorized to take action to collect the $13,915.60;

7. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.