2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.

**In re RAU.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V90-59743.

Decided Jan. 28, 1997.

*Stephen F. Hubbard*, for the applicant.
*Betty D. Montgomery*, Attorney General, for the state.

LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal and the applicant's cross-appeal from the July 31, 1995 order issued by the panel of commissioners. The panel's determination set aside the decision of the single commissioner, which had found that applicant's settlement agreement constituted a collateral source and ordered the applicant to repay former judgments in the amount of $1,978.18, pursuant to the subrogation provisions of R.C. 2743.72(A). The panel found that because the applicant, Kevin J. Rau, executed a full and final release of all claims, the applicant must forfeit any settlement moneys received to the extent that his economic loss has previously been reimbursed from the reparations fund. However, the panel held that the single commissioner had no authority to order repayment of an award.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant failed to present sufficient evidence to meet his burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Sub.H.B. No. 363 amended R.C. 2743.51, 2743.60, 2743.66, and 2743.72 to authorize the Attorney General to seek recovery of an award of reparations if the applicant was not actually eligible for the award, the award otherwise should not have been paid or the applicant is compensated by a collateral source for the expenses covered by the award.

Furthermore, Section 3 of Sub.H.B. No. 363 declared that:

"[N]otwithstanding sections 1.48 and 1.58 of the Revised Code, the amendments made by this act apply to a claim for reparations based on criminally injurious conduct that occurred after, before, or on the effective date of this act and for which no final order of reparations from the Court of Claims has been issued."

A judge of the Court of Claims is the final authority concerning claims under the Victims of Crime Act. A final order is issued when the judge's decision is journalized by the Court of Claims. The effective date of the act is August 1, 1996. Accordingly, Sub.H.B. No. 363 applies to the instant claim since a final order has not yet been issued.

R.C. 2743.66(D) was amended to read as follows:

"(4) If the claimant receives compensation from any other person or entity, including a collateral source, for an expense that is included within the award, the Attorney General may recover pursuant to section 2743.72 of the Revised Code the part of the award that represents the expense for which the claimant received the compensation from the other person or entity."

■ The opinion of the three-commissioner panel did not dispute the fact that the state is subrogated to the applicant's rights to receive funds from the offender and/or the offender's insurance company in accordance with the settlement and release agreements executed by applicant Kevin J. Rau.

■ Furthermore, pursuant to the decision in *In re Hudnall* (Nov. 6, 1993), Ct. of Cl. No. V93–64977jud, unreported, an applicant who executes a complete release in the settlement agreement waives any rights to participate in the Victims of Crime Program.

Therefore, the Attorney General may recover the awards paid in the amount of $1,978.18, pursuant to R.C. 2743.72 and Sub.H.B. No. 363.

■ Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that the applicant failed to show by a preponderance of the evidence that he was entitled to an award of reparations. However, in light of Sub.H.B. No. 363, and the single commissioner's order, the court finds that the single commissioner has ample authority pursuant to R.C. 2743.72(D), to order the applicant to repay the award to the state.

R.C. 2743.72(D), as amended, states:

"If an award of reparations is made to a claimant under sections 2743.51 to 2743.72 of the Revised Code, if the claimant receives compensation from any other person or entity, including a collateral source, for an expense that is

included within the award, the attorney general is entitled to recover from the claimant the part of the award that represents the expense for which the claimant received the compensation from the other person or entity. To recover that part of the award, the attorney general may file a finding of fact and recommendation against the claimant with a court of claims commissioner. If, after filing the finding of fact and recommendation, the attorney general proves that the claimant received compensation from any other person or entity, including a collateral source, for an expense that was included within the award, the court of claims shall enter an order against the claimant that requires the claimant to repay to the state the part of the award that represents the expense for which the claimant received the compensation from the other person or entity."

Accordingly, the panel's decision regarding the issue of repayment is reversed.

Therefore, this court affirms in part and reverses in part the decision of the three-commissioner panel, and hereby denies the applicant's claim and orders the applicant to repay the reparations fund $1,978.18. The Attorney General may enforce the order and is authorized to take action to collect the moneys in the amount of $1,978.18.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be affirmed in part and reversed in part, the Attorney General's appeal shall be granted and the applicant's cross-appeal shall be denied.

IT IS HEREBY ORDERED THAT:

1. The order of July 31, 1995 is AFFIRMED in part and REVERSED in part;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. The applicant shall repay $1,978.18 to the reparations fund;

4. The Attorney General may enforce this order and is authorized to take action to collect the $1,978.18;

5. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.