**In re MILLER.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94–62277.

Decided Aug. 16, 1996.

*Kevin J. O'Brien,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

FRED J. SHOEMAKER, Judge.

This matter came on to be considered upon applicant Rosie Miller's appeal from the January 23, 1996 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, which denied the applicant's claim pursuant to R.C. 2743.60(E).

The single commissioner, in his memorandum of decision, stated the following:

"According to Franklin County Common Pleas Court records, the injured party [Delayne E. Miller] was determined to be a delinquent minor on January 7, 1994[,] by reason of having committed an offense which would be robbery, a felony of the second degree, if committed by an adult.

"As noted in the response, juvenile court proceedings do not result in actual felony convictions, but rather the juvenile is adjudicated delinquent. *However, the conduct in which the injured party engaged was felonious conduct.* One of the primary differences between adult and juvenile criminal proceedings is the nature and extent of the penalty; however, the conduct itself is the same. Previously, in *In re Sims,* V93–27141sc (12–13–94), a juvenile was denied an award of reparations due to his felonious conduct. Likewise, the instant claim must be denied." (Emphasis *sic.*)

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant failed to present sufficient evidence to meet her burden.

The standard for the review of claims that are appealed to the court is established by R.C. 2743.61, which provides:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

On May 16, 1996, the undersigned judge held that "the act of drug abuse, when committed by a juvenile, does not constitute a felony, and cannot serve as a basis for exclusion from the Crime Victims Program, under R.C. 2743.60(E) * * *." *In re Richardson* (May 16, 1996), Ct. of Cl. No. V94–51445jud, unreported.

The conflict between *Sims* and *Richardson* is being revisited in the instant claim. Arguably, those cases and the instant claim can be distinguished on their facts. However, the court finds the law as stated in *Richardson* to be limited to the facts therein, and to the extent it is in conflict with the case *sub judice,* it is OVERRULED.

A juvenile (unless the case is transferred to adult court for criminal prosecution under R.C. 2151.26) cannot be convicted of a felony. However, his *conduct* could be considered felonious.

R.C. 2743.60(E) states as follows:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant who is a victim, or who claims an award of reparations through a victim, who, within ten years prior to the criminally injurious conduct that gave rise to the claim, was convicted of a felony or who is proved by a preponderance of the evidence presented to the commissioner or the panel to have engaged, within ten years prior to the claim, in conduct that, if proven by

proof beyond a reasonable doubt, would constitute a felony under the laws of this state, other state, or the United States."

Black's Law Dictionary defines "felony" as being "a crime of a graver or more serious nature than those designated as misdemeanors." *Id.* (6Ed. 1990) 617. Both R.C. 2151.01 and 2151.26 support the court's finding in *Richardson* that a juvenile cannot be guilty of felonious conduct. However, R.C. 2901.02(D) states: "Regardless of the penalty which may be imposed, any offense specifically classified as a felony is a felony * * *."

Furthermore, R.C. 2911.02(B) provides that robbery is an aggravated felony of the second degree.

The Juvenile Code supports the rationale expounded in *Richardson,* but the Criminal Code supports the decision reached in *Sims.*

R.C. 1.49 provides as follows:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

There are many reasons for treating juveniles and adults differently as to their punishment for committing various offenses. However, the court finds little reason for treating minors differently with regard to the application of R.C. 2743.60(E). Perhaps one under the age of eighteen should not be incarcerated in the state's penal system, but the court finds justification for refusing participation in the Victims of Crime Compensation Program to a robber, regardless of his or her age.

Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that the applicant did not show, by a preponderance of the evidence, that she was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful. Therefore, this court affirms the decision of the three-commissioner panel and hereby denies the applicant's claim.

Upon review of the evidence, the court finds that the decision of the panel of commissioners must be affirmed and the applicant's appeal must be denied.

IT IS HEREBY ORDERED THAT:

1. The order of January 23, 1996 is approved, affirmed and adopted;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*Judgment accordingly.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.