### In re BRADLEY.

Court of Claims of Ohio,
Victims of Crime Division.

No. V95–50698.

Decided Dec. 23, 1997.

*Michael John Downing,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This appeal came to be heard before this panel of three commissioners on October 23, 1997 upon applicant Evona B. Bradley Brown's July 15, 1997 objection to the June 30, 1997 decision of the single commissioner.

The single commissioner denied the applicant's claim pursuant to R.C. 2743.60(E)(3), based on finding that the victim, Lucius Bradley, engaged in felonious conduct within ten years prior to the criminally injurious conduct.

The Attorney General and the applicant's counsel attended the hearing and presented oral argument for this panel's consideration.

It is the applicant's position that the victim cannot be considered a felon because he was a juvenile at the time of the crime that is the basis of the single commissioner's denial. The victim, who was fourteen at the time of the offense and in the company of several older teenage friends, admitted that he rode in a car that he knew was stolen. Accordingly, the victim was adjudicated delinquent of receiving stolen property. The applicant's attorney stressed that the nature of the victim's crime was not the type for which a juvenile would be bound over to be tried as an adult.

In support of the applicant's position, the applicant's attorney cited *In re Richardson* (May 16, 1996), Ct. of Cl. No. V94–51445jud, unreported, wherein a judge of this court held that a juvenile who engaged in drug abuse was not a felon, due to his juvenile status, and could not be excluded from the Victims of Crime Program under R.C. 2743.60(E) or *In re Dawson* (1993), 63 Ohio Misc.2d 79, 619 N.E.2d 1225. The judge indicated that juveniles transferred to common

pleas court for prosecution as adults for offenses more violent than drug abuse may be considered differently with respect to qualifying for a reparations award.

The applicant's attorney recognized the more recent judicial decision in *In re Miller* (1996), 91 Ohio Misc.2d 135, 698 N.E.2d 124, which held that a juvenile who had been adjudicated delinquent of robbery, a felony of the second degree if committed by an adult, was barred from participating in the Victims of Crime Program by R.C. 2743.60(E) because the nature of the conduct remains felonious, whether the offense is committed by an adult or a juvenile. The applicant's attorney suggested that the present case is more closely analogous to *Richardson*, since the nature of the receiving stolen property offense of the present victim was not such that the juvenile would be bound over to be tried as an adult, much like the drug case in *Richardson*.

The Attorney General also recognized a conflict between the aforementioned cases, but asserted that this panel is bound to follow *Miller*, since it was decided later in time, and the language of the decision makes no distinction between the cases.

From review of the file, and with full consideration given to the oral argument presented at the hearing, this panel makes the following determination.

R.C. 2743.60(E)(3) states:

"(E) Neither a single commissioner nor a panel of commissioners shall make an award to a claimant if any of the following applies:

" * * *

"(3) It is proved by a preponderance of the evidence presented to the commissioner or the panel that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in conduct that would constitute a felony under the laws of this state, another state, or the United States."

In affirming the panel's decision in *Richardson*, the judge considered the special protection and treatment afforded to juvenile offenders by the juvenile justice system in order to serve the public interest, and stated the following:

"Although the law provides for certain juveniles to be transferred to common pleas court for prosecution as adults, this court is of the opinion that drug abuse, in and of itself, would not qualify a juvenile for treatment as an adult offender. Consequently, the act of drug abuse, when committed by a juvenile, does not constitute a felony, and cannot serve as a basis for exclusion from the Crime Victims Program, under R.C. 2743.60(E), or the holding in *In re Dawson, supra*."

Three months after the *Richardson* decision, *In re Miller* was issued. In *Miller*, the victim was a juvenile who had been adjudicated delinquent of robbery.

Here, the judge focused on the conduct of the juvenile rather than the final disposition of the charges, stating, "A juvenile (unless the case is transferred to adult court for criminal prosecution under R.C. 2151.26) cannot be convicted of a felony. However, his *conduct* could be considered felonious."

Since R.C. 2743.60(E) provides for exclusion from the Victims of Crime Program based on felonious conduct as well as a felony conviction, the judge concluded that the felonious conduct of the *Miller* juvenile precluded his participation in the Victims of Crime Program, adding the following:

"There are many reasons for treating juveniles and adults differently as to their punishment for committing various offenses. However, the court finds little reason for treating minors differently with regard to the application of R.C. 2743.60(E). Perhaps one under the age of eighteen should not be incarcerated in the state's penal system, but the court finds justification for refusing participation in the Victims of Crime Compensation Program to a robber, regardless of his or her age." 91 Ohio Misc.2d at 137, 698 N.E.2d at 126.

The judge addressed the conflict between the *Richardson* and *Miller* cases by limiting *Richardson* to its facts and overruling it to the extent that *Richardson* was in conflict with the *Miller* decision.

After examination of the judicial precedent, we conclude that the distinguishing factor between *Richardson* and *Miller* is the gravity of the juvenile's offense and the risk of harm posed to others. In *Richardson,* the offense in question was drug abuse, a largely self-destructive activity. In *Miller,* the juvenile's crime was robbery, an offense that directly and significantly poses a threat of harm to others.

Applying this analysis to the present claim, we find that the victim's offense of receiving stolen property does not pose a substantial risk of harm to others and is not of such an egregious nature to equate it with the offense of robbery present in the *Miller* case. Therefore, we find that the victim's juvenile offense in the present case more closely resembles the scenario in *Richardson* and conclude that the victim has not engaged in a crime that should prevent him from participating in the Victims of Crime Program.

We have considered Judge Shoemaker's statement in *Miller* limiting the *Richardson* decision to its facts and overruling that decision to the extent it is inconsistent with the holding in *Miller,* and we believe that the approach taken in analyzing this claim in terms of the gravity of the juvenile's offense and the threat of harm to others preserves the integrity of both judicial decisions. However, we are also cognizant of the reality that the issue may be subject to further refinement, once again, before a judge of this court.

Based on our above analysis, we find that the victim is not foreclosed from benefiting from an award of reparations. Accordingly, the decision of the single commissioner shall be reversed, and the claim shall be remanded to the single commissioner and referred to the Attorney General for further investigation addressing the applicant's economic loss as a result of the criminally injurious conduct.

THE COURT FINDS THAT:

1. The June 30, 1997 order of the single commissioner is REVERSED;

2. This claim is remanded to the single commissioner for further determination and referred to the Attorney General for further investigation and addressing the applicant's economic loss;

3. The Attorney General shall file the new finding of fact and recommendation on or before March 23, 1998;

4. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

5. Costs assumed by the reparations fund.

*Judgment accordingly.*

STEVEN A. LARSON, JAMES H. HEWITT III and KARL H. SCHNEIDER, Commissioners, concur.