**In re BRADLEY.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V95–50698.

Decided March 26, 1998.

---

*Evona B. Bradley Brown* and *Michael J. Downing,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

---

J. WARREN BETTIS, Judge.

This matter came on to be considered upon the Attorney General's appeal from the December 23, 1997 order issued by the panel of commissioners. The panel's determination reversed the decision of the single commissioner, which had denied applicant's claim for an award of reparations. *In re Bradley* (1997), 91 Ohio Misc.2d 190, 698 N.E.2d 159.

The single commissioner denied applicant's claim pursuant to R.C. 2743.60(E)(3), based on a finding that the victim engaged in felonious conduct within ten years prior to the criminally injurious conduct.

The panel concluded that the victim's offense of receiving stolen property did not pose a substantial risk of harm to others and was, therefore, not of such an egregious nature to prevent him from participating in the Victim's of Crime Program.

 R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant presented sufficient evidence to meet her burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides in part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

 In its analysis, the panel of commissioners examined the decisions of *In re Richardson* (May 16, 1996), Ct. of Cl. No. V94–51445jud, unreported, and *In re Miller* (1996), 91 Ohio Misc.2d 135, 698 N.E.2d 124. The panel, in its order, stated the following:

"[W]e conclude that the distinguishing factor between *Richardson* and *Miller* is the gravity of the juvenile's offense and the risk of harm posed to others. In *Richardson*, the offense in question was drug abuse, a largely self-destructive activity. In *Miller*, the juvenile's crime was robbery, an offense which directly and significantly poses a threat of harm to others." *Bradley*, 91 Ohio Misc.2d at 193, 698 N.E.2d at 161.

R.C. 2743.60(E)(3) states:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant if any of the following applies:

"* * *

"(3) It is proved by a preponderance of the evidence presented to the commissioner or the panel that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in conduct that would constitute a felony under the laws of this state, another state, or the United States."

The court finds no ambiguity in the above statute and, therefore, is of the opinion that no distinction should be made concerning the nature of the offense and the substantial risk of harm to others. The panel's analysis of the case law is misplaced. Applicant's claim must be denied based on a finding of the felonious conduct of the victim.

Upon review of the file in this matter, the court finds that the panel of commissioners was arbitrary in finding that applicant did show by a preponderance of the evidence that she was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable and unlawful. Therefore, the court reverses the decision of the three-commissioner panel, 91 Ohio Misc.2d 190, 698 N.E.2d 159, and hereby denies applicant's claim.

*Judgment accordingly.*

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.