IN RE ANDERSON.

(No. V87-71851—Decided
February 27, 1989.)

Court of Claims of Ohio,
Victims of Crime Division.

*Gary C. Schaengold,* for applicant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Amy Nash Golian,* for the state of Ohio.

FRED J. SHOEMAKER, J. This is an appeal from a majority opinion of the panel of commissioners reversing the decision of the single commissioner. The single commissioner denied the applicant's reparations application. He decided that the applicant, David L. Anderson, had failed to report the alleged criminally injurious conduct to an appropriate law enforcement agency pursuant to R.C. 2743.60(A). He further stated:

"R.C. 2743.60(A) does not permit a victim to show good cause for never having reported the criminally injurious conduct. *In re Hackett* V86-50273 (7-17-87). To trigger the seventy-two hour provision, it must appear that a report was made within a reasonable time. *In re Minadeo,* V79-3435 (10-31-80).

"O.R.C. 2743.60(A) reads in pertinent part: ['] An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which he bases his claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period.['] "

The applicant alleged that on January 13, 1987, he was assaulted by some unidentified men at a bar. He never reported the incident to any appropriate enforcement agency because he did not know the identity of his assailants, and he did not know that the statute required the reporting of the criminal conduct, and because the pain from his broken nose was all-encompassing. On June 5, 1987, he filed a reparations application.

In reversing the decision of the single commissioner, the panel of commissioners stated:

"The single commissioner relied heavily upon the lack of a *police* report. However, we can find no language within R.C. 2743.60(A) that limits an applicant to reporting only to a police department. In fact, the statutory language indicates a report to any law enforcement officer or agency is sufficient under R.C. 2743.60(A).

"Pursuant to that end, we find the applicant to have reported the incident to a law enforcement agency when his reparations application was forwarded to the Attorney General's office. R.C. 109.02 explicitly states that, '[t]he Attorney General is the chief law officer for the state * * *.' Additionally, we find the report to the Attorney General's office to be timely made under the reasonableness standard enunciated in *In re Minadeo* since the appli-

cant filed his reparations application on June 5, 1987, less than five months after the criminally injurious conduct. Thus we find the reporting requirement of R.C. 2743.60(A) has been fulfilled." (Emphasis *sic.*)

R.C. 2901.01(K) defines "law enforcement officer" as:

"(1) A sheriff, deputy sheriff, constable, marshal, deputy marshal, municipal police officer, member of a police force employed by a metropolitan housing authority under division (D) of section 3735.31 of the Revised Code, or state highway patrolman;

"(2) An officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, a duty to conserve the peace or to enforce all or certain laws is imposed and the authority to arrest violators is conferred, within the limits of such statutory duty and authority;

"(3) A mayor, in his capacity as chief conservator of the peace within his municipal corporation;

"(4) A member of an auxiliary police force organized by county, township, or municipal law enforcement authorities, within the scope of such member's appointment or commission;

"(5) A person lawfully called pursuant to section 311.07 of the Revised Code to aid a sheriff in keeping the peace, for the purposes and during the time when such person is called;

"(6) A person appointed by a mayor pursuant to section 737.01 of the Revised Code as a special patrolman or officer during riot or emergency, for the purposes and during the time when such person is appointed;

"(7) A member of the organized militia of this state or the armed forces of the United States, lawfully called to duty to aid civil authorities in keeping the peace or protect against domestic violence;

"(8) A prosecuting attorney, assistant prosecuting attorney, secret service officer, or municipal prosecutor;

"(9) An Ohio veterans' home policeman appointed under section 5907.02 of the Revised Code."

The panel of commissioners determined that the applicant "reported the incident to a law enforcement agency when his reparations application was forwarded to the Attorney General's office because R.C. 109.02 explicitly states that "[t]he Attorney General is the chief law officer for the state * * *."

The court finds such conclusion is both unreasonable and unlawful. Such an interpretation would completely destroy the intent of the legislature to require prompt notification of criminally injurious conduct. If the filing of a reparations application constituted the reporting of the criminally injurious conduct to an appropriate law enforcement officer, R.C. 2743.60(A) would be unnecessary.

The purpose of the Victims of Crime Act is to reimburse innocent victims of crime for economic loss incurred as the result of criminal conduct. R.C. 2743.58 and 2743.59 require the Attorney General to fully investigate each claim and to make written findings of fact and recommendations concerning awards of reparations. R.C. 2743.58(A) states:

"The clerk of the court of claims shall send a copy of the application to the attorney general. Upon receipt of the copy of the application, the attorney general shall contact the prosecuting attorney of the county in which the criminally injurious conduct occurred *and the law enforcement agency that actively investigated the criminally injurious conduct, and request that they provide information on the criminally injurious conduct and related matters.* The prosecuting attorney and any officer or employee of the office of

the prosecuting attorney or of the law enforcement agency shall be immune from any civil liability that might otherwise be incurred as the result of providing information on the criminally injurious conduct and related matters to the attorney general." (Emphasis added.)

If the legislature had intended for the Attorney General to receive reports of criminally injurious conduct, it would have been unnecessary for the drafters to require the Attorney General to contact "the law enforcement agency that actively investigated the criminally injurious conduct."

The purpose for the reporting requirement of R.C. 2743.60(A) is to ensure that criminally injurious conduct did indeed occur. It is necessary for the Attorney General to independently investigate and to verify every claim. Without this thorough investigation, the interests of justice would not be served. The panel of commissioners' conclusion that the mere filing of a reparations application fulfilled the statutory reporting requirement would undermine the entire purpose of the Act.

The Attorney General is indeed the "chief law officer for the state." However, the Attorney General is not an appropriate law enforcement official to whom criminally injurious conduct must be reported within seventy-two hours as is required by R.C. 2743.60(A). The law enforcement officers and agencies in the localities where the criminally injurious conduct occurs are better equipped to investigate the occurrence of criminal activity. The victims of criminally injurious conduct are required by the Act to report such incidents to a law enforcement officer within seventy-two hours. The Attorney General then works in conjunction with the appropriate law enforcement agency once a claim has been filed. To require the Attorney General to receive notification of criminal activity within seventy-two hours of its occurrence and to investigate it would put an unnecessary burden on the Attorney General, especially since those duties are best performed by the localities where the criminally injurious conduct occurs.

Additionally, R.C. 2743.56(C) requires reparations applications to be filed within one year of the occurrence of the criminally injurious conduct, while R.C. 2743.60(A) requires the criminally injurious conduct to be reported to an appropriate law enforcement officer within seventy-two hours of its occurrence. The legislators did not intend for the filing of a reparations application to be equal to the reporting of criminally injurious conduct, or there would not have been the inconsistency in the time allowed for the reporting of criminally injurious conduct and for the filing of an application.

The ruling of the panel of commissioners that the filing of an application constitutes the reporting of the criminally injurious conduct is unreasonable and unlawful. The ruling disregards the intent of the legislature and undermines the purpose of the Act.

Because the applicant has never reported the criminally injurious conduct to the proper law enforcement agency, it is impossible to determine whether there was "good cause" for failure to report said conduct within seventy-two hours. *In re Minadeo* (Oct. 31, 1980), Court of Claims No. V79-3435, unreported.

The order of the panel of commissioners is reversed, and the appellee-applicant is denied an award of reparations.

*Order affirmed.*

FRED J. SHOEMAKER, J., retired, of the Court of Common Pleas of Franklin County, sitting by assignment.