**In re HARRIS.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93–82576.

Decided Jan. 28, 1997.

*Sherri L. Bevan,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the April 30, 1996 order issued by the panel of commissioners. The panel's

determination affirmed the decision of the single commissioner, which denied the applicant's claim for an award of reparations; however, the findings of fact and conclusions of law of the single commissioner denying the applicant's claim pursuant to R.C. 2743.60(C) were overruled.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant, Germaine Harris, failed to present sufficient evidence to meet his burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

The single commissioner denied the applicant's claim, pursuant to R.C. 2743.60(C), and the holding in *In re Wilson* (Nov. 30, 1994), Ct. of Cl. No. V92–83935jud, unreported, because the applicant failed to fully cooperate with the Attorney General in her investigation as a "law enforcement agency" regarding the applicant's eligibility for free hospital services under the Ohio Hospital Care Assurance Program ("HCAP"). The three-commissioner panel adopted the single commissioner's denial of the claim, but relied on R.C. 2743.52(A) and overruled the single commissioner's conclusions of law denying the claim pursuant to R.C. 2743.60(C).

The Attorney General is authorized to appeal conclusions of law made by a three-commissioner panel. *In re Slusser* (July 28, 1983), Ct. of Cl. No. V80–33865jud, unreported.

R.C. 2743.52(A) provides that the Court of Claims Commissioners may grant an award of reparations upon proof by a preponderance of the evidence that the applicant has met the requirements for an award of reparations. In the instant claim, the applicant failed to respond to the Attorney General's requests or to provide the required documentation.

R.C. 2743.60(C) states: "A single commissioner or a panel of commissioners, upon a finding that the claimant or victim has not fully cooperated with appropriate law enforcement agencies, may deny a claim or reconsider and reduce an award of reparations."

■ The Attorney General is the investigative arm of the Court of Claims and provides information upon which a determination can be made regarding entitlement to participate in the crime victims reparations fund. Such investigation is administrative in nature and does not constitute "law enforcement" within the meaning and intent of R.C. 2743.60(C).

Likewise, the judge in *In re Anderson* (1989), 57 Ohio Misc.2d 31 at 33, 566 N.E.2d 714 at 716–717, found that although the Attorney General is the "chief law officer for the state" (R.C. 109.02), the Attorney General is not an appropriate law enforcement officer to whom criminally injurious conduct must be reported within seventy-two hours as required by R.C. 2743.60(A).

In *In re Wilson* (Nov. 30, 1994), Ct. of Cl. No. V92–83935jud, unreported, the court determined that:

"The Attorney General's duty shall be to investigate and provide the court with the necessary information concerning the income level of the applicant and his eligibility for HCAP benefits at the time the services were rendered by those hospitals that are or were participating in the HCAP programs. *Failure* of the applicant to assist the Attorney General in this investigation may result in a denial of the applicant's claim pursuant to R.C. 2743.52(A)." (Emphasis added.)

The court will not extend this reasoning to deny a claim based on R.C. 2743.60(C). Accordingly, this court finds that the Attorney General is not an "appropriate law enforcement" officer or agency within the meaning of R.C. 2743.60(C). However, an applicant's failure to assist or cooperate with the Attorney General or her office in the investigation of a victims claim could well result in denial of the claim pursuant to R.C. 2743.52(A).

■ Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in its finding that the applicant did not show by a preponderance of the evidence that he was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful in finding the Attorney General is not an appropriate law enforcement officer within the meaning of R.C. 2743.60(C). Therefore, this court affirms the decision of the three-commissioner panel and hereby denies the applicant's claim pursuant to R.C. 2743.52(A).

*Order*

Upon review of the evidence, the court finds that the order of the panel of commissioners must be affirmed and the Attorney General's appeal must be denied.

IT IS HEREBY ORDERED THAT:

1. The order of April 30, 1996 is approved, affirmed and adopted;

**58**

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.