[Cite as *In re McCray*, 2010-Ohio-6708.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ANGELA J. MC CRAY

ANGELA J. MC CRAY

      Applicant

Case No. V2009-40226

Judge Clark B. Weaver Sr.

DECISION

---

{1}This matter came on to be considered upon the Attorney General's appeal from the April 30, 2010 order issued by the panel of commissioners. The panel's determination reversed the final decision of the Attorney General, which denied applicant's claim for an award of reparations pursuant to R.C. 2743.60(A), based upon the finding that applicant failed to timely report the criminally injurious conduct to law enforcement within 72 hours of its occurrence.

{2}R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that applicant presented sufficient evidence to meet her burden. The Attorney General bears the burden of proof by a preponderance of the evidence with respect to the exclusionary criteria of R.C. 2743.60. *In re Williams*, V77-0739jud (3-26-79).

{3}The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the

panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The decision of the judge of the court of claims is final."

{4}The Attorney General asserts that the decision of the panel of commissioners was unreasonable and unlawful in finding that applicant had shown good cause for the delay in reporting the criminally injurious conduct to law enforcement.

{5} R.C. 2743.60(A)states in pertinent part:

"An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which the claimant bases a claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two-hour period."

{6}Inasmuch as it is undisputed that applicant did not report the criminally injurious conduct to law enforcement within 72 hours of its occurrence, the issue before the court is whether good cause exists for applicant's delay in reporting the incident.

{7}"Good cause for failure to report is to be evaluated upon a standard of reasonableness. *In re Smith*, V77-0741tc (7-10-78). The circumstances under which the criminally injurious conduct occurred should be considered in determining whether good cause exists for the delay in reporting criminally injurious conduct to law enforcement. Each claim must be evaluated on a case-by-case basis." *In re Carmany*, V98-60228jud (10-04-00).

{8}The purpose of the reporting requirement is both to verify the occurrence of the incident and to ensure the investigation and prosecution of the offender. *In re Ries*, V93-69316tc (1-31-95). An oral report to a police officer satisfies the reporting requirement. *In re Rea* (1989), 61 Ohio Misc.2d 732.

{9}In its decision, the panel noted that applicant testified that she had orally reported the criminally injurious conduct to local law enforcement and that the police refused to memorialize that contact in writing.

{10}According to applicant, she was a victim of ongoing domestic violence which was caused by the offender's abuse of alcohol and prescription drugs. Applicant testified that she filed for divorce in May 2008, and on May 27, 2008, she was assaulted by her husband at her place of employment. Applicant asserts that workplace policies prevented her from reporting the incident during her shift. On May 29, 2008, police were called to applicant's residence as a result of a physical altercation between applicant's son and the offender. She also testified that she sought assistance from The Lighthouse, a battered woman's shelter, to obtain a civil protective order (CPO) against the offender because police officers had not been responsive to her previous complaints against her husband.

{11}Nicole Bell, a court advocate for the Lancaster City Prosecutor's Office who worked through The Lighthouse, corroborated applicant's testimony by relating that some police officers choose not to respond to residences that make "multiple calls." Bell testified that applicant had been a victim of domestic violence since 1991 and that her records showed applicant had had numerous contacts with her office, some of which resulted in a CPO being issued.

{12}Although the Attorney General argued that applicant's delay in reporting the assault frustrated the efforts by law enforcement officials to prosecute the offender, the panel determined that applicant acted in a reasonable manner to protect herself from further harm by filing for a CPO on June 3, 2008, when she believed "the police could not afford her adequate protection." The court has previously held that an applicant's fear of retaliation by the offender may constitute good cause for delay in reporting the criminally injurious conduct. *In re Carmany*, supra; *In re Dale* (1993) 66

Ohio Misc.2d 131.  Furthermore, the panel noted that an ex parte CPO was granted and the offender was criminally prosecuted for violating that order.

{13}The court finds that there is sufficient information in the claim file to support the panel's determination that applicant has established good cause for her delay in reporting the criminally injurious conduct.   The court will not substitute its judgment for that of the trier of fact.

{14}Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that applicant had shown by a preponderance of the evidence that she was entitled to an award of reparations.

{15}Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful.   Therefore, this court affirms the decision of the two-commissioner panel.

_____
CLARK B. WEAVER SR.
Judge



# Court of Claims of Ohio
## Victims of Crime Division
The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ANGELA J. MC CRAY

ANGELA J. MC CRAY

      Applicant

Case No. V2009-40226

Judge Clark B. Weaver Sr.

<u>ORDER</u>

---

Upon review of the evidence, the court finds the order of the panel of commissioners must be affirmed and the Attorney General's appeal must be denied.

IT IS HEREBY ORDERED THAT:

{16}1) The order of April 30, 2010, (Jr. Vol. 2275, Pages 68-69) is approved, affirmed and adopted;

{17}2) This case is REMANDED to the Attorney General for economic loss calculation and decision;

{18}3)   Costs assumed by the reparations fund.


_____
CLARK B. WEAVER SR.
Judge

AMR/cmd

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Fairfield County Prosecuting Attorney and to: