[Cite as *In re Haney*, 2023-Ohio-3350.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE: LEXIS E. HANEY | Case No. 2023-00280VI |
| LEXIS E. HANEY | Magistrate Holly True Shaver |
| Applicant | <u>DECISION OF THE MAGISTRATE</u> |

{¶1} On January 19, 2022, applicant, Lexis Haney, filed a victims of crime compensation application for counseling expenses and protection order fees incurred as a result of repeated incidents of domestic violence and rape perpetrated by her former husband since at least August 2020. Applicant was granted an emergency civil protection order on February 26, 2021. When her ex-husband violated the emergency protection order, she reported the violation to the Tuscarawas County Sheriff on March 12, 2021. A hearing was held on March 16, 2021, and a civil protection order was later in effect through September 26, 2022. The file-stamped date on the civil protection order is April 15, 2021.

{¶2} On April 15, 2022, the Attorney General issued a finding of fact and decision. Therein, the Attorney General interpreted the application as only alleging a single incident on August 1, 2020. The Attorney General denied applicant's claim because "there [was] not a preponderance of evidence showing that the missed phone calls from the alleged offender posed a substantial threat of personal injury or death to you." (Record, p. 15/193, part 1 of 2.) On May 5, 2022, applicant filed a request for reconsideration. The copy of the request for reconsideration included in the record is blank other than applicant's signature.

{¶3} On March 8, 2023, the Attorney General rendered a final decision denying applicant's claim because she did not report the incident to law enforcement. The Attorney General stated that applicant only reported the incident to a medical provider. On April 10, 2023, applicant filed a notice of appeal from the final decision of the Attorney

General.  Applicant argued that she satisfied the reporting requirement by reporting the domestic violence to a medical provider, by requesting an emergency protection order, and by reporting a violation of the emergency protection order to law enforcement.

{¶4}    A hearing was held before the undersigned magistrate on August 3, 2023. Assistant Attorney General Yan Chen appeared on behalf of the State of Ohio.  Applicant did not appear for the hearing.  The court attempted to reach applicant via telephone, but she did not answer the phone.

{¶5}    The Attorney General's witness, Danielle Longhenry, an investigator for the Attorney General's Office Crime Victim Services Section, testified via telephone. Longhenry stated that she investigated applicant's claim.  Longhenry testified that she asked several law enforcement agencies if applicant had filed a police report with them, but she could not locate a police report.  Longhenry then asked applicant via the Attorney General's messaging system if she filed a police report, and applicant informed her that she did not have an "active" report of the crime before the emergency protection order because she was afraid of her husband.

{¶6}    The undersigned magistrate asked if that correspondence between Longhenry and applicant was contained within the record filed by the Attorney General. The Assistant Attorney General informed the court that the correspondence was not in the record, but a summary of it was in the record.  The Assistant Attorney General then read part of the summary contained in the field report: "Ms. Meyers advised our office on 2/17/22 that she did not file any reports with law enforcement * * *."  However, the Assistant Attorney General did not read the rest of that sentence into the record.  The full sentence reads: "Ms. Meyers previously advised our office on 2/17/22 that she did not file any reports with law enforcement prior to a violation of protection order on 3/12/21." (Record, p. 33/193 part 1 of 2.)  The undersigned magistrate ordered the Attorney General to file the actual correspondence between the witness and applicant as an exhibit after the hearing.

{¶7}    In its closing argument, the Attorney General argued that R.C. 2743.60(A) states that the Court of Claims shall not make an award if the criminally injurious conduct was never reported to law enforcement.  The Assistant Attorney General stated that this court, in In re Anderson, 57 Ohio Misc.2d 31, 566 N.E.2d 714 (Ct. of Cl.1989), held that

the law enforcement agencies where the violation occurs are better able to investigate the alleged criminally injurious conduct. The Assistant Attorney General further argued that In re Minadeo, Ct. of Claims No. V79-3435jud (Oct. 31, 1980) states that a written report must be filed with the law enforcement agency within whose jurisdiction the criminal act occurred. For an oral report, it must be stated to an officer or employee of the proper agency whose duty it is to receive such reports and record them. Finally, the Assistant Attorney General asserted that because applicant did not file a police report of the domestic violence, R.C. 2743.60(A) requires that the claim must be denied. The hearing was then concluded.

{¶8}   After the hearing, the Attorney General filed the correspondence between Longhenry and applicant as State's Exhibit A. The relevant correspondence contains the following answer from applicant when she was asked if she reported the incident to law enforcement:

> The sheriff who handle [sic] the case was Deputy David Gerber and case number: p21-00237 this incident at 9629 state route 250 nw strasburg oh, 44680. [ex-husband] had called me on march 11, 2021 at 2152. I called the sheriff on March 12 when I woke up to the miss [sic] call and confirmed with my attorney that it was a violation of the protection order. there was no "active" reporting of the crime before the protection order. I only told my counselor, my OB office (in November 2021) and was connected with a domestic violence counselor through Columbus. I never filed an actual report with the police in fear it would make matter [sic] worse and Rob, my husband at the time, would kill me and my unborn child.

(State's Exh. A, p. 2.)

{¶9}   The Attorney General does not contest that applicant is a victim of criminally injurious conduct. Instead, the Attorney General argues that R.C. 2743.60(A) requires that the claim be denied because applicant failed to report the criminally injurious conduct to law enforcement.

{¶10}  R.C. 2743.61(B) states, in pertinent part:

> If upon hearing and consideration of the record and evidence, the court decides that the decision of the attorney general appealed from is

reasonable and lawful, it shall affirm the same. If the court decides that the decision of the attorney general is not supported by a preponderance of the evidence or is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon.

{¶11} The Attorney General has the burden of showing, by a preponderance of the evidence, that an applicant's claim for reparations should be denied pursuant to the criteria outlined in R.C. 2743.60. *In re Shapiro*, 61 Ohio Misc.2d 725, 584 N.E.2d 1345 (Ct. of Cl.1989). R.C. 2743.60(A) states: "The attorney general or the court of claims shall not make or order an award of reparations to a claimant if the criminally injurious conduct upon which the claimant bases a claim never was reported to a law enforcement officer or agency." Such a report can be made orally to a law enforcement officer. *In re Rea*, 61 Ohio Misc.2d 732, 584 N.E.2d 1350 (Ct. of Cl.1989). There is no time period within which the criminally injurious conduct must be reported to law enforcement. *See* R.C. 2743.60(A)(1). The purpose of the reporting requirement is to: (1) verify the occurrence; and (2) ensure the investigation and prosecution of the offender. *In re Ries*, Ct. of Cl. No. V93-69316tc (Jan. 31, 1995).

{¶12} In *McCray*, a domestic abuse victim testified to the court that she had orally reported the abuse to local law enforcement, but the police did not write a report. *In re McCray*, Ct. of Cl. No. V2009-40226jud, 2010-Ohio-6708. She then filed for a civil protection order against the offender because she feared the police would not adequately protect her. When the offender violated the protection order, she reported the violation and he was prosecuted for violating it. The court found that the *McCray* victim acted in a reasonable manner and that her fear of retaliation amounted to good cause for the delay in reporting the criminally injurious conduct.

{¶13} In this case, Longhenry wrote in the field investigation report that applicant provided a copy of the protection order to Deputy Gerber when he responded to her report that her husband violated the protection order on March 12, 2021. (Record, p. 31/193, part 1 of 2.) On that date, the reference to the protection order means the emergency civil protection order issued by Tuscarawas County Court of Common Pleas. However, the emergency protection order is not in the record. Instead, the record only contains the civil protection order that was issued later on April 15, 2021.

{¶14} The Attorney General cannot meet its burden of proof on the issue of whether applicant never reported the criminally injurious conduct to law enforcement by omitting a potentially dispositive document from the record. If the Attorney General reviewed the emergency civil protection order and found that it did not sufficiently describe the abuse—such that applicant's providing of the order to the deputy did not constitute reporting the criminally injurious conduct—then the emergency protection order should have been submitted as part of the record. *See* R.C. 2743.61(B) (stating that the Attorney General shall supply the court with "any information or documents that the attorney general used in the investigation"). If the Attorney General did not obtain the emergency protection order after applicant informed Longhenry that she provided it to the sheriff, then the Attorney General did not adequately execute its duty to fully investigate the claim. R.C. 2743.59. Therefore, to the extent that the emergency protection order may contain fewer details than the April 15, 2021 protection order, the difference between the two should be construed against the Attorney General. The court thus finds that the emergency protection order contained substantially the same information that is in the April 15, 2021 protection order.

{¶15} The findings of fact contained within the April 15, 2021 protection order describe several instances of abuse, including the offender strangling applicant, punching and kicking her, forcing sexual intercourse, and attempting to suffocate her. (Record, p. 168/192, part 2 of 2.) Any one of those acts clearly amounts to criminally injurious conduct. Therefore, from a careful review of the case and consideration of the briefs and evidence submitted at the hearing, the court finds that applicant reported the criminally injurious conduct to law enforcement when she provided the emergency civil protection order to the sheriff on March 12, 2021. Furthermore, as in *McCray*, the purpose of the reporting requirement has been met in this case. The emergency protection order verified the occurrence and ensured the investigation and prosecution of the offender when applicant reported the violation of the emergency protection order to the sheriff.

{¶16} In conclusion, the magistrate finds that applicant is a victim of criminally injurious conduct. Further, the magistrate finds that applicant reported the criminally injurious conduct to law enforcement. Accordingly, the magistrate finds that the Attorney General's final decision of March 8, 2023 is not supported by a preponderance of the

evidence. Therefore, the magistrate recommends that the Attorney General's final decision of March 8, 2023 be REVERSED and that this claim be REMANDED to the Attorney General's Office for calculation of economic loss.

{¶17} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

 

HOLLY TRUE SHAVER
Magistrate

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to:

Filed 08/30/2023
Sent to S.C. Reporter 9/20/23

**IN THE COURT OF CLAIMS OF OHIO**

| IN RE: LEXIS E. HANEY | Case No. 2023-00280VI |
|---|---|
| LEXIS E. HANEY | Judge Lisa L. Sadler |
| Applicant | ORDER |

{¶18} On August 3, 2023, a hearing was held in this matter before a Magistrate of this court. On August 30, 2023, the Magistrate issued a Decision wherein she found that the Attorney General's March 8, 2023 Final Decision was not supported by a preponderance of the evidence and recommended that the Attorney General's Final Decision be reversed and that the claim be remanded to the Attorney General's Office for calculation of economic loss.

{¶19} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." No objections were filed.

{¶20} Upon review of the claim file, and the Magistrate's Decision, it is the Court's finding that the Magistrate was correct in her analysis of the issues and application of the law. Accordingly, this court adopts the Magistrate's Decision and recommendation as its own.

{¶21} IT IS HEREBY ORDERED THAT

{¶22} The August 30, 2023 Decision of the Magistrate is ADOPTED;

{¶23} This claim is REMANDED and judgment entered for Applicant;

{¶24} Costs assumed by the reparations fund.

LISA L. SADLER
Judge

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Tuscarawas County Prosecuting Attorney and to:

Filed 09/19/2023
Sent to S.C. Reporter 9/20/23