In re Rios.

(No. 83-066—Decided August 30, 1983.)

Court of Claims of Ohio.

*Mr. Jack R. Alton* and *Mr. Jeffrey D. Boyd,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Marcia J. Harris,* for appellee.

BAYNES, J. This is an appeal from an order of a three-commissioner panel which affirmed a single commissioner's order which had awarded appellant $500 for allowable expense for burial of the victim, which appellant, Nona J. Fishbaugh, had paid. Shane R. Head and Ann Marie Head, on whose behalf appellant had sought an award, were found not to have sustained either "dependent's economic loss" or "dependent's replacement services loss," which finding is the gravamen of the appeal.

The single commissioner's order found that Nicole M. Rios had suffered both dependent's economic loss and dependent's replacement services loss, which order was not appealed. The cases were consolidated for disposition before the single commissioner. The Nicole M. Rios award has no bearing on the appeal now before us. The panel of commissioners did not file an opinion despite the fact that appellant testified orally before them. Their order found that the single commissioner's order properly stated the issues and interpreted the law. The commissioner's order was approved, affirmed and adopted.

The extended opinion and order of the single commissioner generally found as follows. The victim, Debra A. Rios, was assaulted by her husband and died as a result of the injuries received. The offender was convicted for the offense of voluntary manslaughter. The victim was survived by a daughter, Nicole M. Rios, fifteen months old on October 12, 1981, who resided with the victim and was supported by the victim from her earnings as a waitress.

The Head children were born to the victim during a previous marriage. Custody of the Head children was awarded to the appellant, the victim's mother, by the Court of Common Pleas of Wood County, Domestic Relations Division, on April 1, 1977. They had for four and one-half years lived with appellant and her husband and were the actual dependents of the Fishbaughs.

As of November 4, 1982, each of the Head children was receiving $118.30 per month in Social Security survivor benefits based on their mother's account. Assuming, *arguendo,* dependent's economic loss and dependent's replacement services loss were incurred, which the single commissioner did not find, the survivor benefits exceed the value of any such loss.

The errors set forth on appellant's behalf are:

"A. The Commission in Ignoring the Uncontroverted Testimony of Applicant Nona J. Fishbaugh, that the Victim Provided Applicant with $360.00 a year in Cash and $125.00 a year in Incidentals Erred in Finding that this Evidence Does not Show that Shane R. Head and Ann Marie Head Received things of Economic Value from the Decedent.

"B. The Commission Erred in Finding that Shane R. Head and Ann Marie Head Have not Sustained Economic Loss as Defined in Ohio Revised Code Section 2743.51(E)." (Capitalization *sic*.)

Appellant's argument is captioned:

"A. Appellant Nona J. Fishbaugh is Entitled to Compensation for the

Economic Loss Suffered by Shane and Ann Head."

The assignments of error both relate to the weight of the evidence and we construe them together.

Based on the calculations made for Nicole M. Rios, appellant claims the net dependent's economic loss is $2,968.81 and dependent's replacement services loss is $29,265.60, a total of $32,934.41 [sic]. From that is deducted the present value survivor's benefits of $29,115.00, leaving a total net value of $3,819.41 [sic] of Shane and Ann Head's economic loss.

R.C. 2743.51(D) defines "dependent" as, "an individual wholly or partially dependent on the victim for care and support * * *."

R.C. 2743.51(I) defines "dependent's economic loss" as, "loss after a victim's death of contributions of things of economic value to his *dependents* * * *." (Emphasis added.)

R.C. 2743.51(J) defines "dependent's replacement services loss" as, "loss reasonably incurred by *dependents* after a victim's death in obtaining ordinary and necessary services in lieu of those the victim would have performed for their benefit if he had not suffered the fatal injury * * *." (Emphasis added.)

The attempt of appellant to put the Head children in the posture of being partially dependent on the victim, not for *care* or *services,* but only for *support,* avails her nothing. The earnings of the victim were barely sufficient to maintain herself and the Rios child. The victim's husband was, and had been, unemployed and had no visible means of support for an extended period.

Assuming, *arguendo,* that the victim did give the children a small amount of money or other items from time to time, there is no evidence that it affected the amount or extent of the care and support they were legally entitled to receive, and did receive, from the Fishbaughs. These occasional contributions were not necessary; they were solely in the nature

of a gift or gratuity. It is the kind thing that relatives often do for minor relatives.

With respect to the duty of care, it is sad to observe that there were no services lost by the Head children by reason of their mother's death. The fact she occasionally visited them and her parents may have been of social value but did not have any demonstrable economic value.

Appellant's affidavit, the operative facts of which are also contained in her testimony before the panel of commissioners with an overall lack of persuasiveness, is grounded on her averment that: "I believe I should be awarded at least as much as Mrs. Rios. In fact, I believe I should be awarded much more, since I have two children full time and Mrs. Rios only has one." Obviously that conclusion begs the legal question of proof and the statutory provisions.

Appellant argues in her brief that the unrefuted, sworn statement of applicant Fishbaugh establishes, by a preponderance of the evidence that Shane and Ann Head were, in fact, wholly or partially dependent upon Debra A. Rios for their care and support. R.C. 2743.52 permits an award of Victims of Crime reparations only if the commissioner(s) are satisfied by a preponderance of the evidence that the requirements for an award of reparations have been met. This places the burden of proof on the applicant.

It was held in *In re Barber* (Oct. 9, 1980), Court of Claims No. 80-020, unreported, on the question of partial dependency: "We conclude as a matter of law that the weight of inferences of dependency and consequent entitlement to a finding of economic loss and/or dependent's replacement services loss based solely on a self serving claimant's affidavit, which is: (a) unsupported by competent corroborative testimony, documents or other probative facts; and/or (b) where the record contains, inconsistent and/or contradictory facts which are unexplained; is not sufficient to

support a finding of dependency on which an award can be based."

1 OJI Civil 5.30 contains the standard charge to triers of the fact as to credibility of witnesses, and states:

"1. Judges of the Facts. You are the judges of the facts, the (credibility) (believability) of the witnesses, and the weight of the evidence.

"2. To weigh the evidence (To determine the greater weight of the evidence), you must consider the (credibility) (believability) of the witnesses. You will use the tests of truthfulness which you use in your daily lives.

"3. Tests. These tests include the appearance of each witness upon the stand; his manner of testifying; the reasonableness of the testimony; the opportunity (he) (she) had to see, hear and know the things concerning which he testified; (his) (her) accuracy of memory; frankness or lack of it; intelligence, interest and bias, if any; together with all the facts and circumstances surrounding the testimony. Use these tests and assign to each witness' testimony such weight as you deem proper.

"4. All or part. You are not required to believe the testimony of any witness simply because he or she was under oath. *You may believe or disbelieve all or any part of the testimony of any witness.* It is your duty to determine what testimony to believe and what testimony not to believe." (Emphasis added.)

The Supreme Court of Ohio believes Blackstone's definition of evidence to be one of the best: "Evidence signifies that which demonstrates, makes clear, or ascertains the truth of the very fact or point in issue, either on one side or on the other." 42 Ohio Jurisprudence 3d 210, Evidence and Witnesses, Section 2. There may be evidence which does not amount to proof. *Id.* at 212, Section 4. Such is the case with appellant's affidavit and testimony. They may be evidence, but they fall far short of proof that the Head children, in appellant's exclusive custody,

were actually partial dependents of the victim so as to qualify them, *and not her,* for an award of reparations. See, *e.g., In re Foster* (June 10, 1983), Court of Claims No. 83-043, unreported.

Such a conclusion is all the more appropriate in many proof of dependency cases, such as the present one, where the evidence offered consists solely of self-serving statements which the Attorney General, in presenting the record to the commissioner(s), has no available means to directly rebut.

The decision in *In re Schroepfer* (1983), 4 Ohio Misc. 2d 15, 17 and 20, states: The Victims of Crime Act is a special statutory proceeding. It did not create a death benefit, a form of health and accident insurance or a welfare fund. It provides a vehicle for certain persons, in a restricted way, to participate in a legislatively created class gift. It is not to be construed broadly or subject to remedial interpretation. It requires a construction reasonably limited to the terms used. The Victims of Crime Act is a special statutory proceeding which requires all provisions of the Act to be construed as *in pari materia.*

With regard to the requirements of proof as to economic loss, the decision in *In re Eader* (1982), 70 Ohio Misc. 17, 22 [24 O.O.3d 83], held: " 'The only way to prevent fraud and abuse of benefits available under Crime Victim's Compensation Program, is to demand sufficient evidence of economic loss * * * although it may cause inconvenience, the only reliable method of establishing the alleged economic loss is to place the burden squarely on those who will benefit from the award. Only in this manner may we be guaranteed continued integrity and equitable disbursement of the reparations rotary fund.' "

Finally, assuming, *arguendo,* there is a conflict of probative evidence, which we do not find, as to the proof of partial dependency of the Head children on the victim, their mother being out of posses-

sion and custody of them, the rule set forth in *In re Saylor* (1982), 1 Ohio Misc. 2d 1, 3, applies: " ' "A court, on appeal from a determination of fact, is not permitted to substitute its judgment and, for that reason alone, find the judgment of the trier of the fact has been made against the manifest weight of the evidence. * * *" * * *' "

There have been thirty prior cases decided on the matters of appellant's assignment of error (*i.e.,* dependency, economic loss and the availability of collateral sources). The court appeal has not been of significant mutual benefit. The matter was sufficiently professionally presented on a unique fact situation. Therefore, appellant's counsel are entitled to an award of fees for the court appeal. R.C. 2743.65(A). The partial statement of fees contained in the file is in excess of those fees in the Proposed Supreme Court Rule for the Court of Claims, Victims of Crime Compensation Section, Attorney Fees, Ohio Official Reports, Advance Sheets, Vol. 5, No. 5 (June 13, 1983), at pages A-7 to A-9, to which attention should be directed in making a fee award.

We conclude the appellant's assignments of error, as to the weight of the evidence in failing to grant to the Head children an award for dependent's economic loss and dependent's replacement services loss, are not well-taken. The order of denial of an award by the three-commissioner panel is neither unreasonable nor unlawful, and it should be affirmed. So ordered.

*Order affirmed.*