IN RE FERRELL.

(No. V86-30949—Decided
December 30, 1988.)

Court of Claims,
Victims of Crime Division.

*Sheldon G. Steiger,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, for appellee.

RUSSELL LEACH, J. This matter came on to be considered upon the claimant's appeal from the August 19, 1988 order issued by the panel of commissioners. The panel's determination reversed the decision of the single commissioner, thereby denying the claimant's application for an award of reparations.

R.C. 2743.52 places the burden of proof on the claimant to satisfy the Court of Claims commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc. 2d 4, 8 OBR 63, 455 N.E. 2d 1374, paragraph one of the syllabus. The panel found, upon review of the evidence, that the claimant herein had failed to present sufficient evidence to meet his burden and denied the claim based on R.C. 2743.60(C).

R.C. 2743.60(C) provides as follows:

"A single commissioner or a panel of commissioners, upon a finding that the claimant or victim has not fully cooperated with appropriate law enforcement agencies, may deny a claim or reconsider and reduce an award of reparations."

The panel stated that the "documentation in this claim clearly indicates the applicant refused to sign prosecution papers or give further information to permit the police to conduct an investigation [of the criminally injurious conduct]." *In re Ferrell* (Aug. 19, 1988), No. V86-30949 tc, unreported, at 2-3. Upon review of the record, the court finds that the panel's decision was based on sound reasoning. The claimant has not shown, by a preponderance of the evidence, that he is entitled to an award of reparations.

R.C. 2743.61(A) provides, in pertinent part:

"* * * If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Based on a review of the file and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful. Therefore, this court affirms the decision of the three-commissioner panel and hereby denies the claimant's application.

*Decision affirmed.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.