**In re PATEL.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93–38461.

Decided April 30, 1996.

128

*Michael Dale Falleur,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on December 6, 1995 upon applicant Priti B. Patel's July 19, 1995 objection and notice of appeal to the June 28, 1995 decision of the single commissioner.

The single commissioner had granted the applicant an award of reparations for dependent's economic loss in the amount of $1,869.

On July 19, 1995, counsel for the applicant filed an objection and notice of appeal contending that the applicant was entitled to further recovery for dependent's economic loss.

In her November 3, 1995 brief and again at the hearing, the Attorney General asserted that the evidence did not substantiate the applicant's contention that the victim-decedent, Bharatkumar K. Patel, was to have started working two jobs, thereby earning additional income, which should have been taken into consideration in calculating dependent's economic loss.

On November 9, 1995, the applicant filed a brief requesting that the claim be remanded to the single commissioner for consideration of further dependent's economic loss based on additional income the decedent would have earned but for

the criminally injurious conduct. In addition, counsel requested that the court consider replacement services loss arising from income lost to the applicant due to the decedent's death. With regard to the applicant's loss of income, counsel stated that the applicant would have worked for Ramesh Patel at the One Stop along with her husband, Bharatkumar Patel ("Bharat"); however, Priti's position was an expansion of the One Stop business that was not possible following the decedent's death.

At the hearing, the applicant presented the testimony of Maulik Desai and Ramesh Patel. Maulik Desai testified that he was a friend of Bharat and Priti and had spoken with Bharat about his plans to take a second job. Desai stated that Bharat planned to continue working from 2:00 p.m. to 11:00 p.m. at the Stafford Market, where he had worked for approximately one and a half years, but intended to take a second job at One Stop working Monday, Tuesday, Wednesday, and Friday from 8:00 a.m. to 12:00 p.m., a full day on Thursday, and every other Saturday. Desai added that Bharat was to start his second job in three weeks when his parents arrived to help keep his and Priti's baby. At that time, Priti was to start work at the One Stop as well.

Ramesh Patel, proprietor of One Stop, confirmed that Bharat and Priti were to start working for him at his grocery store on April 15, 1993. In addition, Ramesh Patel acknowledged preparing two employment letters, already in the claim file, detailing the terms of Bharat's and Priti Patel's employment.

Upon oral argument, counsel for the applicant withdrew the claim for loss of income to Priti Patel, but requested that dependent's economic loss be recalculated based upon additional income from Bharat Patel's second job. The Attorney General maintained that the victim was working only one job at the time of the criminally injurious conduct and, therefore, requested that the single commissioner's decision be affirmed.

R.C. 2743.52(A) places the burden of proof upon the applicant to satisfy the Court of Claims commissioners that the requirements for an award of reparations have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374, paragraph one of the syllabus. Black's Law Dictionary defines "preponderance of evidence" as follows:

"Evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not. *Braud v. Kinchen,* La.App. (1975), 310 So.2d 657, 659 (1975). * * * The word 'preponderance' means something more than 'weight'; it denotes a superiority of weight, or outweighing. The words are not synonymous, but substantially different. There is generally a 'weight' of evidence on each side in case of contested facts. *But*

*juries cannot properly act upon the weight of evidence, in favor of the one having the onus, unless it overbear, in some degree, the weight upon the other side.''* (Emphasis added.) Black's Law Dictionary (5 Ed.1979) 1064.

▮ Ordinarily, a prima facie claim is made when the applicant files an application in accordance with R.C. 2743.56 and submits additional material, information, and evidence as required by R.C. 2743.59. *In re Williams* (Mar. 26, 1979), Ct. of Cl. No. V77–0739jud, unreported.

R.C. 2743.51(I) defines "dependent's economic loss" as follows:

" 'Dependent's economic loss' means loss after a victim's death of contributions of things of economic value to his dependents, not including services they would have received from the victim if he had not suffered the fatal injury, less expenses of the dependents avoided by reason of the victim's death."

From review of the file, with full consideration given to the evidence and oral argument presented at the hearing, this panel finds that the applicant's July 19, 1995 objection and notice of appeal to the June 28, 1995 decision of the single commissioner is well taken with regard to the calculation of dependent's economic loss. The testimony presented at the hearing, which is corroborated by documentation contained in the claim file, substantiates that the decedent was scheduled to begin working two jobs approximately three weeks after the date of the criminally injurious conduct. The evidence further establishes that the decedent would have worked about thirty additional hours per week at a rate of $6 per hour. Accordingly, this claim will be remanded to the single commissioner for further determination and referred to the Attorney General for recalculation of dependent's economic loss, taking into account income from the decedent's second job. The June 28, 1995 decision of the single commissioner shall remain in full force and effect.

IT IS THEREFORE ORDERED THAT:

1. This claim is remanded to the single commissioner for further determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation concerning additional dependent's economic loss;

2. The Attorney General shall file an amended finding of fact and recommendation on or before June 14, 1996;

3. The applicant may respond to the new finding of fact and recommendation within twenty-one days after it is filed by the Attorney General;

4. The single commissioner shall subsequently determine the claim;

5. The June 28, 1995 order of the single commissioner remains in full force and effect;

6. The July 31, 1995 panel order certifying payment of the June 28, 1995 judgment in the amount of $1,869 is RATIFIED;

7. Costs assumed by the reparations fund.

*Judgment accordingly.*

DALE A. THOMPSON, WILLIAM A. CARROLL and STEVEN A. LARSON, Commissioners, concur.