**In re BROWN.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94-67775.

Decided Sept. 17, 1996.

*Jerome L. Bentoff,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

STRAUSBAUGH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the April 30, 1996 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, who referred the applicant's claim for an award of reparations to the Attorney General for further investigation and a new finding of fact and recommendation addressing the applicant's economic loss.

The single commissioner found that pursuant to *In re Butera* (1993), 63 Ohio Misc.2d 199, 620 N.E.2d 312, the applicant's claim is not barred by R.C. 2743.60(E), because the applicant's felonious conduct and felony conviction occurred after the criminally injurious conduct.

Sub.H.B. No. 363, effective August 1, 1996, amended R.C. 2743.51 and 2743.60 to prohibit granting an award of reparations if the victim or applicant is convicted of a felony, or engaged in felonious conduct during the pendency of the claim or if the victim, through whom an applicant claims an award, was convicted of a felony or engaged in felonious conduct within ten years prior to the criminally injurious conduct that is the basis of the claim.

The effective date of this act was August 1, 1996. A judge of the Court of Claims is the final authority concerning claims under the Victims of Crime Act. A final order is issued when the judge's decision is journalized by the Court of

Claims. Accordingly, Sub.H.B. No. 363 applies to the instant claim since a final order had not yet been issued prior to the effective date of the Act.

In the instant claim, the Attorney General's investigative material indicates that the applicant, Yul Brown, was convicted of drug abuse, a felony of the fourth degree, on October 18, 1994, prior to a final order being issued by this court.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the Attorney General failed to present sufficient evidence to meet her burden of proving the claim should be denied pursuant to R.C. 2743.60(E). However, such finding was before Sub. H.B. No. 363 became effective.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Upon review of the file in this matter, and in light of the recent amendment to the provisions under the Victims of Crime Act, the court finds that the decision of the panel of commissioners is no longer in accordance with the law and that the applicant has not shown, by a preponderance of the evidence, he is entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that, although the decision of the panel of commissioners was not unreasonable or unlawful, it cannot be affirmed in light of Sub.H.B. No. 363. Therefore, this court reverses the decision of the three-commissioner panel, and hereby denies the applicant's claim.

Upon review of the evidence, the court finds the order of the panel of commissioners must be reversed and the Attorney General's appeal shall be granted.

IT IS HEREBY ORDERED THAT:

1. The order of April 30, 1996 is REVERSED;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.