**In re PLUMMER.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V92-31447.

Decided Jan. 8, 1997.

*Michael D. Falleur,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

STRAUSBAUGH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the March 19, 1996 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, who granted an award of reparations for additional allowable expense and declined to adopt the Attorney General's recommendation regarding the repayment of funds by the applicant. The single commissioner concluded that there was neither statutory authority nor implicit power to order judgment against the applicant. The single commissioner also referred the claim to the Attorney General concerning the additional allowable expense issue.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant, Pamela J. Mangus, presented sufficient evidence to meet her burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Sub.H.B. No. 363, effective August 1, 1996, amended R.C. 2743.51, 2743.60, 2743.66 and 2743.72 to authorize the Attorney General to seek recovery of an award of reparations if the applicant was not actually eligible for the award, the award otherwise should not have been made, or if the applicant is compensated by a collateral source for any expenses covered by the award.

The relevant sections of R.C. 2743.66(D) were amended to read as follows:

"(3) The Attorney General may recover the award pursuant to section 2743.72 of the Revised Code if it is discovered that the claimant actually was not eligible for the award or that the award otherwise should not have been made under the standards and criteria set forth in sections 2743.51 to 2743.72 of the Revised Code.

"(4) If the claimant receives compensation from any other person or entity, including a collateral source, for an expense that is included within the award, the Attorney General may recover pursuant to section 2743.72 of the Revised Code the part of the award that represents the expense for which the claimant received the compensation from the other person or entity."

█ The Attorney General's investigation revealed that the applicant did not use her award for allowable expense to pay the respective medical providers, but, instead, used the money for other purposes. Contrary to the decision reached in *In re Partin* (Sept. 11, 1996), Ct. of Cl. No. V91–80789sc, unreported, and upon further review, the court finds that the statute, as amended, does not authorize the recoupment of funds that were not used for the purpose granted. The court further finds no implicit power to compel the applicant to utilize the award to pay a medical service provider.

The court finds that the statutory provisions do inherently grant the power to offset from awards on any subsequent claims by an applicant. Where funds previously granted were not used by the applicant for the purpose granted, such funds were not wrongfully or erroneously granted at the time of disbursement but became, de facto, a wrongful disbursement in the hands of the applicant due solely to his or her failure to apply such funds to the purpose intended.

The state of Ohio has no privity with the intended payee not paid by the applicant. The provider must look solely to the applicant for recovery. Attempts to rectify this problem must originate in the legislature. Accordingly, the court finds the law as stated in *Partin* to be limited to the facts therein, and to the extent that it is in conflict with the case *sub judice*, it is overruled.

█ On February 16, 1993, the applicant was granted an award of reparations in the amount of $3,357.21, and the claim was referred to the Attorney General for further investigation. Pursuant to the single commissioner's order, the Attorney General filed an amended finding of fact and recommendation on October 31, 1994, addressing the issue of economic loss and noting the fact that the applicant did not pay certain medical providers for which she was granted an award. The Attorney General found that of the original award of $3,357.21, an amount of $2,846.41 represented services rendered by Grant Medical Center. Of that amount, only $200 was paid to Grant Medical Center and the remainder was used to pay other creditors. Thus, the amount of $2,646.41 of the original award was not paid by applicant to the proper medical provider intended to be paid by the state of Ohio and for which such funds were disbursed to the applicant.

The panel adopted the single commissioner's September 29, 1995 decision, which found that the applicant had incurred additional allowable expense in the amount of $2,979.41 and that there was no authority to order repayment of the amount of $2,646.41.

Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding the applicant did show, by a preponderance of the evidence, that she was entitled to an additional award of reparations.

However, the court finds that reparations funds in the amount of $2,646.41 must be deducted from the amount of additional allowable expense incurred of $2,979.41, leaving a total of $333 to be awarded to the applicant.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners must be modified. Therefore, this court sets aside the decision of the three-commissioner panel, and hereby grants the applicant's claim in the amount of $333.

Upon review of the evidence, the court finds that the order of the panel of commissioners shall be set aside and the Attorney General's appeal shall be granted.

IT IS HEREBY ORDERED THAT:

1. The order of March 19, 1996 is SET ASIDE;

2. The applicant is GRANTED an award of reparations in the amount of $333;

3. The clerk shall certify the judgment, in the amount of $333, to the Director of the Office of Budget and Management for payment to the applicant pursuant to R.C. 2743.191;

4. When certifying the $333 judgment, the clerk shall send the Director of Budget and Management a copy of this order, and the September 29, 1995 order of the single of the single commissioner;

5. This award is expressly conditioned upon the subrogation provisions of R.C. 2743.72, which require any benefits or advantages received from any collateral source, including the offender, be repaid to the state of Ohio;

6. Costs assumed by the reparations fund.

*So ordered.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.