[Cite as *In re Brown*, 2011-Ohio-5294.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: JAY K. BROWN

JAY K. BROWN

      Applicant

Case No. V2010-50752

Commissioners:
Karl C. Kerschner, Presiding
Lloyd Pierre-Louis
Susan G. Sheridan

ORDER OF A THREE-COMMISSIONER PANEL

---

{¶1}On January 25, 2010, the applicant filed a compensation application alleging he was a victim of crime on January 27, 2008. On March 26, 2010, the Attorney General issued a finding of fact and decision denying the applicant's claim since he failed to prove, by a preponderance of the evidence, that he was a victim of criminally injurious conduct. On April 27, 2010, the applicant submitted a request for reconsideration. On June 17, 2010, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On July 19, 2010, the applicant filed a notice of appeal from the Attorney General's June 17, 2010 Final Decision. Hence, a hearing was held before this panel of commissioners on December 1, 2010 at 10:25 A.M.

{¶2}The applicant appeared at the hearing, while his attorney, Joseph Benavidez, appeared via telephone. The state of Ohio was represented by Assistant Attorney General Megan Hanke.

{¶3}The applicant made a brief statement for the court's consideration. The applicant requested that the panel review the statements that he made which appear in the claim file. The applicant asserts that his brother attempted to injure him as a result of a dispute over

their mother's estate.   The applicant further stated that the file contains medical bills he incurred as the result of two separate automobile accidents allegedly caused by his brother.   No additional documentation or testimony was presented beyond what is currently contained in the case file.

{¶4}The Attorney General stated that the only issue to be addressed is whether the applicant has established by a preponderance of the evidence that he was a victim of criminally injurious conduct.   The Attorney General stated that the applicant's statements have not been substantiated by law enforcement, and that the applicant was charged with failure to control as a result of a car crash which the applicant alleges was criminally injurious conduct.   Based on the lack of evidence presented by the applicant, the Attorney General urged that the Final Decision be affirmed.   Whereupon, the hearing was concluded.

{¶5}R.C. 2743.51(C)(1) in pertinent part states:

"(C) 'Criminally injurious conduct' means one of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{¶6}The applicant must prove criminally injurious conduct by a preponderance of the evidence.   *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{¶7}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶8}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{¶9}From review of the case file and with full and careful consideration given to the statements of the parties at the hearing, we find that the applicant has failed to prove, by a preponderance of the evidence, that he was a victim of criminally injurious conduct as defined by R.C. 2743.51(C)(1). Supposition and speculation do not satisfy the applicant's burden of proof. Therefore, the June 17, 2010 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{¶10}1) The June 17, 2010 decision of the Attorney General is AFFIRMED;

{¶11}2) This claim is DENIED and judgment is rendered for the state of Ohio;

{¶12}3)   Costs are assumed by the court of claims victims of crime fund.


_____
KARL C. KERSCHNER
Presiding Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2011\January 2011\V2010-50752 Brown.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Allen County Prosecuting Attorney and to:


Filed 1-27-11
Jr. Vol. 2277, Pgs. 189-192
Sent to S.C. Reporter 10-13-11