[Cite as *In re B.A.H.*, 2011-Ohio-7086.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: B. A. H.

STEPHANIE M. HAYTHE

      Applicant

Case No. V2010-50345

Judge Clark B. Weaver Sr.

<u>DECISION</u>

---

{¶1}This matter came on to be considered upon the Attorney General's appeal from the July 13, 2011 order issued by the panel of commissioners. The panel's determination reversed the final decision of the Attorney General, which had denied applicant's claim for an award of reparations based upon the finding that applicant's minor son, B.A.H., did not qualify as a victim of criminally injurious conduct.

{¶2}R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that applicant presented sufficient evidence to meet her burden.

{¶3}The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The decision of the judge of the court of claims is final."

{¶4}Applicant seeks compensation for injuries that her minor son, B.A.H., sustained when he fell from a tree while attempting to remove toilet paper that had been placed on the tree by other juveniles.  At the panel hearing, B.A.H. testified that he had been harassed and bullied by other students at high school and that the harassing events included "slamming of the classroom door in his face, the mocking of his name and initials, being followed in the hallways at school, harassing telephone calls, and feeling like an outsider."  There is also evidence that threats were made against a dairy calf that B.A.H. was raising and that applicant discovered a slaughtered animal in her mailbox which B.A.H. subsequently learned was deposited by the students who had been bullying him. Applicant contends that the incident involving B.A.H. falling from the tree was part of a pattern of conduct involving harassment and threats against both B.A.H. and applicant's property.

{¶5}Based upon the foregoing, the two-commissioner panel determined that B.A.H. was a victim of both menacing and menacing by stalking and that such conduct "caused his lack of caution where he hastily placed the ladder against the tree, ultimately causing his injury."  The panel concluded that B.A.H. qualified as a victim of criminally injurious conduct inasmuch as there was a causal connection between the continuing menacing and the injuries he sustained.

{¶6}R.C. 2903.211(A)(1) [Menacing by stalking] provides:

{¶7}"No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."

{¶8}R.C. 2903.22(A) [Menacing] provides:

{¶9}"No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶10}R.C. 2743.51 provides, in pertinent part:

{¶11}"(C) 'Criminally injurious conduct' means one of the following:

{¶12}"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses *a substantial threat of personal injury or death*; and is punishable by fine, imprisonment, or death. . ." (Emphasis added.)

{¶13}It is clear from the information in the claim file that the incident at issue was a crime against property and that neither applicant nor B.A.H. was present at the time of the crime. As a result of the investigation that was conducted by the Clark County Sheriff's office, the juvenile offenders where charged with criminal mischief, theft, complicity, and criminal damaging or endangering. The juveniles were subsequently found delinquent and ordered to pay restitution to B.A.H. B.A.H. testified that he learned of the incident from a friend and that he returned home to view the vandalism.

{¶14}Upon careful consideration of the evidence, the panel found that B.A.H. suffered humiliation and embarrassment as a result of the offenders' conduct. However, even assuming that B.A.H. suffered psychological injury as a result the harassment, the court finds that, as a matter of law, the vandalism did not pose "a substantial threat of personal injury or death" as required pursuant to R.C. 2743.51(C)(1). Accordingly, applicant failed to prove by a preponderance of the evidence that B.A.H. was a victim of criminally injurious conduct.

{¶15}Upon review of the file in this matter, the court finds that applicant did not show by a preponderance of the evidence that she was entitled to an award of reparations. Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unlawful. Therefore, this court reverses the decision of the two-commissioner panel, and hereby denies applicant's claim.

ORDER

{¶16}Upon review of the evidence, the court finds the order of the panel of commissioners must be reversed.

{¶17}IT IS HEREBY ORDERED THAT:

{¶18}The order of July 13, 2011, (Jr. Vol. 2279, Pages 100-101) is reversed;

{¶19}This claim is DENIED and judgment entered for the State of Ohio;

{¶20}Costs assumed by the reparations fund.

_____
CLARK B. WEAVER SR.
Judge

AMR/dms

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Clark County Prosecuting Attorney and to:

Filed 11-15-11
Jr. Vol. 2281. Pg. 70
Sent to S.C. reporter 7-19-13