[Cite as *In re Estrada*, 2012-Ohio-4682.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: PASCUAL O. ESTRADA


NORA M. MAFFEI

      Applicant


Case No. V2011-60395

Commissioners:
Necol Russell-Washington, Presiding
Susan G. Sheridan
E. Joel Wesp
ORDER OF A THREE-COMMISSIONER PANEL

{¶1} On February 19, 2010, the applicant, Nora Maffei, filed a compensation application as the result of the death of her father Pascual Estrada. On June 4, 2010, the Attorney General issued a finding of fact and decision determining that Pascual Estrada was not a victim of criminally injurious conduct. On March 17, 2011, the applicant submitted a request for reconsideration. On April 18, 2011, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On April 28, 2011, the applicant filed a notice of appeal from the Final Decision of the Attorney General rendered on April 18, 2011. Hence, a hearing was held before this panel of commissioners on February 8, 2012 at 11:50 A.M.

{¶2} Attorney Kristin Bryant appeared on behalf of the applicant, while Assistant Attorney General Megan Hanke represented the state of Ohio.

{¶3} The applicant argued that the evidence supports that Pascual Estrada was a victim of criminally injurious conduct. The applicant contends Mr. Estrada was in the care of his son Pascual Estrada, Jr. The applicant related during this period there were incidents of identity theft and fraud, as well as a lack of medical care offered to Mr. Estrada, Sr. During this period there also was an investigation by police and Adult

Protective Services that Mr.Estrada, Sr. was not being cared for properly. However, the lack of criminal investigation and/or prosecution should not bar this panel from finding that Mr. Estrada, Sr. was a victim of criminally injurious conduct and that his death resulted from this lack of care.

{¶4} The Attorney General asserts that the applicant has failed to prove that Mr. Estrada, Sr. was a victim of criminally injurious conduct. The applicant has the burden of proof with respect to this issue and the uncorroborated assertions of the applicant are insufficient to meet this burden. Furthermore, the police reports obtained from the Lorain Police Department mention only incidents of identity theft and fraud, acts which do not qualify as criminally injurious conduct under the statute. The police reports are silent with respect to the allegations that the decedent fell, was denied medical treatment, or suffered physical injury at the hands of Estrada, Jr. The investigation by Adult Protective Services was unsubstantiated with regard to finding any incidents of physical abuse to Mr. Estrada, Sr.

{¶5} In rebuttal, the applicant stated that simply because Adult Protective Services found the complaint of physical abuse unsubstantiated does not foreclose this panel from finding Mr. Estrada, Sr. was a victim of criminally injurious conduct. The applicant contends her statement to police that her father had fallen a few times and her brother would not take her father to the hospital establish that she has met her burden of proof. Whereupon, the hearing was concluded.

{¶6} R.C. 2743.51(C)(1) in pertinent part states:

a. "(C) Criminally injurious conduct means one of the following:

b. "(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{¶7} The applicant must prove criminally injurious conduct by a preponderance of the evidence.   *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{¶8} The applicant must produce evidence which furnishes a reasonable basis for sustaining her claim.   If the evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, she fails to sustain the burden as to such issue.   *In re Staten*, V2011-60051tc (5-27-11) citing *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82.

{¶9} The uncorroborated statement of the applicant does not constitute sufficient proof, by a preponderance of the evidence, to establish the criminally injurious conduct.   *In re Minadeo*, V79-3435jud (10-31-80).

{¶10} Identity theft does not pose a substantial threat of personal injury or death, accordingly it does not qualify as criminally injurious conduct.   *In re Tittl*, V2006-20909tc (2-16-07), 2007-Ohio-1405.

{¶11} A person who sustains severe emotional harm as the result of systemic forgery and theft is not a victim of criminally injurious conduct.   *In re Dowdell,* V2002-50749tc (9-30-02).

{¶12} The applicant must prove criminally injurious conduct by a preponderance of the evidence.   *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{¶13} Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{¶14} Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause.   The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{¶15} From review of the case file and with full and careful consideration given to the arguments of respective counsel, we find that applicant has failed to prove by a

preponderance of the evidence that her father Pascual Estrada was a victim of criminally injurious conduct. The applicant has failed to meet her burden of proof. We have reviewed the police reports contained in the case file and while the applicant correctly stated that she notified the police concerning the lack of medical treatment, the police's request for a follow-up interview with Mr. Estrada, Sr. was never granted. Even though the allegations were investigated by Adult Protective Services it was determined the complaints of physical abuse were unsubstantiated.

{¶16} Since case law is clear that one cannot be found to be a victim solely on economic crimes committed against an individual and the applicant has failed to present sufficient evidence to prove, by a preponderance of the evidence, that her father was a victim of criminally injurious conduct this claim must be denied.

{¶17} Accordingly, the April 18, 2011 decision of the Attorney General is affirmed.

{¶18} IT IS THEREFORE ORDERED THAT

{¶19} The April 18, 2011 decision of the Attorney General is AFFIRMED;

{¶20} This claim is DENIED and judgment is rendered for the state of Ohio;

{¶21} Costs are assumed by the court of claims victims of crime fund.

_____
NECOL RUSSELL-WASHINGTON
Presiding Commissioner

_____
SUSAN G. SHERIDAN
Commissioner

_____
E. JOEL WESP
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\March - May 2012\V2011-60395 Estrada.wpd\DRB-tad
A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 3-13-12
Jr. vol. 2282, Pgs. 136-140
Sent to S.C. reporter 10-9-12