[Cite as *In re Rowe*, 2023-Ohio-3349.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE: JENNY ROWE | Case No. 2023-00257VI |
| JENNY ROWE | Magistrate Holly True Shaver |
| Applicant | <u>DECISION OF THE MAGISTRATE</u> |

{¶1}  On November 8, 2022, Jenny Rowe, formally known as Jeannette Koehler, ("applicant"), filed a compensation application for replacement services, lost wages, crime scene clean up, and items held as evidence stemming from an incident involving law enforcement officers at her residence on August 4, 2021.[1]  In her application, applicant stated that "[t]his entire incident is a direct result of my neighbor swatting me beginning March 26, 2021, and resulted in over $100,000 damages to my new home, my husband murdered, my jeep [sic] window smashed out and severe ptsd [sic] and depression that is ongoing and making employment and everyday living extremely difficult."

{¶2}  The Attorney General ("AG") rendered a finding of fact and decision on December 8, 2022, denying applicant's claim because the AG found no evidence that the crime was ever reported to law enforcement pursuant to R.C. 2743.60(A), and that there was no criminally injurious conduct as defined in R.C. 2743.51(C) because the law enforcement officers involved in the events referred to in the application were found to have acted within their lawful capacity and authority.  Further, the AG stated in its findings that the only report of an incident that occurred at applicant's residence was on July 4, 2021, and applicant was not present because she was incarcerated.

{¶3}  On January 7, 2023, applicant filed a request for reconsideration.  In her request applicant stated that she was at her residence on July 4, 2021.  Applicant stated

---

[1] Although applicant's application lists the date of the incident as August 4, 2022, the evidence in the claim file shows that it occurred on August 4, 2021.

that the AG did not fully investigate her claim.  Applicant asserted that law enforcement refused to investigate her neighbor for felony swatting that resulted in the death of her husband, Sean Rowe.2   Applicant admitted that she was not at her residence on August 4, 2021, when her husband was killed and her home was invaded.  Applicant stated that the law enforcement officers damaged her home by knocking the foundation support beam out of place.  Finally, applicant stated that she was kidnapped by law enforcement shortly before August 4, 2021, which should be considered criminally injurious conduct.

{¶4}     On March 7, 2023, the AG rendered its final decision which did not modify its finding of fact and decision.  On April 4, 2023, applicant filed a notice of appeal. Applicant reasserted her claims and contended that the damage to her home that occurred on August 4, 2021, was the direct result of the initial July 4, 2021, incident when law enforcement officers were present at her residence.

{¶5}     A hearing was held before this magistrate on June 29, 2023, at 11:00 a.m. Applicant and Assistant Attorney General ("AAG") Candice Suffren attended the hearing.

{¶6}     Applicant testified that there were three separate incidents involving the Richland County Sheriff which led to the damage to her home.  First, on July 4, 2021, applicant stated that she and her husband were at their home when the sheriff attempted to serve a protection order on Mr. Rowe from applicant's ex-husband; however, applicant testified that she did not know on July 4, 2021, why the officers came to her house. Applicant stated that on that day she and her husband were sitting in their home, not doing anything, when she looked outside and saw men who then started yelling for Mr. Rowe to come out of the home; applicant averred that she did not know at the time that the men were law enforcement officers.  Applicant stated that she was in shock when this started happening because there were several guns pointed at her.  Applicant testified that she went upstairs while her husband went outside with his rifle to figure out what was going on; applicant stated that once the men identified themselves as officers Mr. Rowe put his rifle inside and did not touch it again. Applicant stated that she experienced severe

---

2 While the court is unsure of the legal marital status of applicant and Sean Rowe at the time of Mr. Rowe's death, the court will refer to Mr. Rowe as applicant's husband.

mental distress from this incident.  Applicant stated that the officers left her residence that day without causing any physical damage.

{¶7}    Second, applicant testified that on July 29, 2021, various sheriff's deputies staked out near her home in order to arrest her.  Applicant stated that four to six officers surrounded her vehicle with guns when she was on her way home from a work trip and shot out her windows.  Applicant testified that the officers forcibly removed her from her car and bashed her head into the road.  Applicant stated that the officers arrested her but did not tell her why she was being arrested because they did not know why.  Applicant testified that she later learned that her arrest was part of a plan to get her husband alone at their home to serve him with a protection order.  Applicant testified that as a result of this arrest she was held in jail in Richland County from July 29, 2021, to August 13, 2021, and then spent an additional two weeks at a treatment center.  Applicant testified that she has lasting ocular and cranial damage from this event.

{¶8}    Applicant testified that the third incident occurred on August 4, 2021. Applicant stated that law enforcement officers obtained a search warrant for her home. Applicant asserted that the officers were able to obtain a warrant because her husband was alone in the home with her rifle and the officers were seeking to charge her husband for having a weapon under disability based on his prior criminal history.  Applicant stated that there were over twenty officers from various law enforcement agencies present to execute the search warrant.  Applicant testified that there was also a SWAT bearcat vehicle present.

{¶9}    As to the damage to her home, applicant stated that every window was shot out, a support beam was knocked in half under her deck, the bearcat was rammed through the garage door, and an I-beam was damaged causing foundation issues. Applicant testified that the Richland County Prosecutor has retained several of her personal property items.  AAG Suffren did not cross-examine applicant.

{¶10}  In her closing argument, AAG Suffren stated that applicant's claim should be denied in accordance with R.C. 2743.60(A) because applicant failed to report criminally injurious conduct from July 4, 2021, or August 4, 2021, to law enforcement. AAG Suffren stated that state's Exhibit A attached to the AG's brief, is the AG's field report which concluded that there were no reports to the Richland County Sheriff in which

applicant was listed as a victim. Further, AAG Suffren stated that there is no evidence that any criminally injurious conduct, as defined in R.C. 2743.51(C)(1), was committed against applicant. The AG asserted that this court in *In re Clark*, 2012-70157VI, found that the applicant failed to prove that she was a victim of criminally injurious conduct or that she reported any crime because she did not provide evidence that furnished a reasonable basis for sustaining her claim. AAG Suffren stated that there was no evidence presented that applicant was the victim of criminally injurious conduct. AAG Suffren brought the court's attention to the Mansfield News Journal article in the transmitted AG file. The AAG concluded that because the applicant has the burden of proving by a preponderance of the evidence that she was the victim of criminally injurious conduct and no evidence was presented to support this, the court should uphold the AG's final decision.

{¶11} Applicant stated in her closing argument that she attempted to report a crime committed against her to law enforcement several times but that law enforcement officers would not take her statement. Further, applicant reasserted her claim that excessive force was used against her when she was arrested and that the law enforcement officers conspired against her. Whereupon the hearing concluded.

{¶12} R.C. 2743.51(C)(1) in pertinent part states:

(C) "Criminally injurious conduct" means one of the following:

(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state.

{¶13} The applicant must prove criminally injurious conduct by a preponderance of the evidence. *In re Rios*, 8 Ohio Misc.2d 4, 455 N.E.2d 1374 (Ct. of Cl. 1983).

{¶14} The applicant must produce evidence which furnishes a reasonable basis for sustaining her claim. If the evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, she fails to sustain the burden

as to such issue. *In re Staten*, Ct. of Cl. No. V2011-60051tc (May 27, 2011) citing *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 118 N.E.2d 147 (1954).

{¶15}  R.C. 2743.60(A) states:

(A) The attorney general or the court of claims shall not make or order an award of reparations to a claimant if the criminally injurious conduct upon which the claimant bases a claim never was reported to a law enforcement officer or agency.

{¶16}  Here, applicant has not produced any evidence that the work loss, damage to her home, or other losses for which she seeks reparations is linked to criminally injurious conduct that she reported to law enforcement. Applicant provided no evidence that the July 4, 2021, incident was reported to law enforcement or caused any damages to herself or her property. As to the August 4, 2021, incident, even if the events described in applicant's testimony were reported to law enforcement, no evidence provided by applicant supports a finding that those actions were punishable by fine, imprisonment, or death because they were performed by law enforcement officers who were found not to have acted outside their legal duties. The Mansfield News Journal article in the AG's transmitted file states that a Richland County Grand Jury ruled that during the August 4, 2021 incident, police officers used justifiable force. Applicant also asserted that the criminally injurious conduct was swatting committed by her neighbor. Applicant failed to produce any evidence that this swatting occurred, was reported, or was criminally injurious conduct as defined in R.C. 2743.51(C)(1). Finally, plaintiff asserted that her arrest on July 29, 2021, was criminally injurious conduct. However, plaintiff did not submit any proof that she suffered injuries from this event or that she reported the conduct to law enforcement.

{¶17}  From review of the case file and with full and careful consideration given to the testimony of the applicant and the arguments of the Attorney General, the magistrate finds that applicant has failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct as defined by R.C. 2743.51(C)(1) or that she reported any criminal incidents to police as required by R.C. 2743.60(A).

{¶18}  Therefore, I recommend that the AG's final decision of March 7, 2023, be AFFIRMED.

{¶19} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____

HOLLY TRUE SHAVER
Magistrate

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to:

Filed 07/26/2023
Sent to S.C. Reporter 9/20/23

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE: JENNY ROWE | Case No. 2023-00257VI |
| JENNY ROWE | Judge Lisa L. Sadler |
| Applicant | ORDER |

{¶20} On June 29, 2023, a hearing was held in this matter before a Magistrate of this court. On July 26, 2023, the Magistrate issued a Decision wherein she found that Applicant failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct as defined by R.C. 2743.51(C)(1) or that she reported any criminal incidents to police as required by R.C. 2743.60(A). The Magistrate recommended that the March 7, 2023, Final Decision of the Attorney General be affirmed.

{¶21} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." No objections were filed.

{¶22} Upon review of the claim file, and the Magistrate's Decision, it is the Court's finding that the Magistrate was correct in her analysis of the issues and application of the law. Accordingly, this court adopts the Magistrate's Decision and recommendation as its own.

{¶23} IT IS HEREBY ORDERED THAT

{¶24} The July 26, 2023 Decision of the Magistrate is ADOPTED;

{¶25} This claim is DENIED and judgment entered for state of Ohio;

{¶26} Costs assumed by the reparations fund.

_____
LISA L. SADLER
Judge


A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Richland County Prosecuting Attorney and to:

Filed 08/10/2023
Sent to S.C. Reporter 9/20/23