[Cite as *In re Mason*, 2012-Ohio-4683.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: JAJUAN R. MASON

JAJUAN R. MASON

       Applicant

Case No. V2011-60841

Commissioners:
E. Joel Wesp, Presiding
Susan G. Sheridan
Necol Russell-Washington

ORDER OF A THREE-
COMMISSIONER PANEL

{¶1} On April 21, 2011, the applicant, JaJuan Mason, filed a compensation application as the result of a shooting incident which occurred on April 15, 2011. On August 11, 2011, the Attorney General issued a finding of fact and decision denying the applicant's claim for evidence replacement expenses, based upon the lack of supporting documentation. On August 31, 2011, the applicant submitted a request for reconsideration. On September 26, 2011, the Attorney General rendered a Final Decision. The Attorney General determined that the applicant incurred a U-Haul moving expense of $46.54. However, pursuant to R.C. 2743.191(B) no award could be issued unless the amount of the award equals or exceeds $50.00. Accordingly, the applicant was directed to file a supplemental compensation application if he incurred additional out-of-pocket expenses which coupled with the initial amount equaled or exceeded $50.00. The applicant's claim for evidence replacement loss was denied because the Attorney General asserts the applicant's car and television set would be returned to him when law enforcement no longer needed the items for evidentiary purposes.

{¶2} On October 25, 2011, the applicant filed a notice of appeal from the September 26, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on January 11, 2012 at 10:20 A.M. The applicant did not attend the hearing, while Assistant Attorney General Melissa Montgomery appeared on behalf of the state of Ohio.

{¶3} The Attorney General made a brief statement for the panel's consideration. The Attorney General asserted that the applicant filed a compensation application as the result of an incident where his friend was killed. The Attorney General argues that it was never established that the applicant was a victim of criminally injurious conduct. Because Mr. Mason's friend was shot and killed in his car, the Columbus Police Department is holding the car as evidence. The car is being held as evidence and the applicant initially wanted the program to pay for repairs to his girlfriend's car due to his lack of transportation. In the alternative, the applicant recently purchased another vehicle and seeks compensation for that vehicle since his car is still being held in the police impound lot.

{¶4} The Attorney General's office has contacted the Columbus Police Department and the department has indicated that the car will be returned to the applicant at the close of the murder investigation. Irrespective of whether the vehicle is ever returned to the applicant by the Columbus Police it is the Attorney General's policy not to compensate for the loss of a car. A review of case law revealed no instance of compensation being awarded for the loss of a motor vehicle. Furthermore, the cap of $750.00 for evidence replacement loss would imply that the General Assembly did not consider vehicle replacement to fall under this category for compensation.

{¶5} With respect to the alleged loss of the flat screen television, this loss is not compensable since it is a property loss and is not being held as evidence.

{¶6} The Attorney General also stated the difference between what the applicant paid for rent at his prior apartment as opposed to rent at his current residence, utility expenses, and security deposit are not compensable expenses since they constitute

living expenses. The moving expenses would be compensable, if he were a victim of criminally injurious conduct, but they only amounted to $46.54, which is less than the minimum amount required for payment pursuant to R.C. 2743.191(B).

{¶7} Upon questioning by the panel, the Attorney General conceded that, assuming arguendo that the applicant was a victim of crime, car rental expenses would be compensable for the time his vehicle was held by police for evidentiary purposes. Whereupon, the hearing was concluded.

{¶8} R.C. 2743.51(C)(1) in pertinent part states:

a.    "(C) 'Criminally injurious conduct' means one of the following:

b.    "(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{¶9} The applicant must prove criminally injurious conduct by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{¶10} R.C. 2743.51(U) states:

a.    "(U) 'Cost of evidence replacement' means costs for replacement of property confiscated for evidentiary purposes related to the criminally injurious conduct, not to exceed seven hundred fifty dollars in the aggregate per claim."

{¶11} R.C. 2743.68 states:

a.    "A claimant may file a supplemental reparations application in a claim if the attorney general, a court of claims panel of commissioners, or judge of the court of claims, within five years prior to the filing of the supplemental application, has made any of the following determinations:

b.       "(A) That an award, supplemental award, or installment award be granted;

c.       "(B) That an award, supplemental award, or installment award be conditioned or denied because of actual or potential recovery from a collateral source;

d.       "(C) That an award, supplemental award, or installment award be denied..."

{¶12} From review of the case file and with full and careful review of the statements presented at the hearing, we find that we must address the issue of whether the applicant qualifies as a victim of criminally injurious conduct. At the hearing, the Attorney General contended that no investigation had been made and it was not established that the applicant was a victim of criminally injurious conduct. However, a review of the case file reveals that the Attorney General's investigator Christian Hallows received the following:

a.       "Per the applicant, Detective Gregory Sheppard of the Columbus Police is the detective assigned to the case.

b.       "On June 20, 2011, I received a voice mail from Det Sheppard (645-4940) and he provided the following info:

c.       "He said that Mr. Mason was an innocent victim of crime on 4-15-11.

d.       "He said that Mr. Mason has fully cooperated with law enforcement.

e.       "He said that the case is still open.

f. "He said that police are holding Mr. Mason's car and his 46" television."

{¶13} Furthermore, on September 26, 2011, the Attorney General issued a Final Decision which in pertinent part stated:

a.       "2.       You have requested compensation for moving expenses, specifically rental fees for a U-Haul truck. However, after processing your claim, we have determined that your economic loss totals $46.54. By

law, the Attorney General may only issue an award for $50.00 or more. [R.C. 2743.191(B)] Therefore, no payment can be made at this time. Please see the attached Detail Expense Exhibit for more details.

  i. "If you incur additional out-of-pocket expenses that, coupled with your existing economic loss, meet or exceed the $50.00 minimum, you may file a Supplemental Compensation Application within five years of the date of the last decision or order in this claim for further consideration. [R.C. 2743.68]"

{¶14} R.C. 2743.68 clearly premises the filing of a supplemental compensation application on an award having been granted.  Pursuant to R.C. 2743.51 et. seq. an award could not be granted unless criminally injurious conduct has been established.

{¶15} Accordingly, we find based upon the Attorney General's own investigation and decision that the applicant qualifies as a victim of criminally injurious conduct, to find otherwise would contravene the mandates of the statute.

{¶16} The second issue is whether the applicant incurred cost of evidence replacement as defined in R.C. 2743.51(U).  The claim file reflects that the applicant's car, a 2000 Dodge Stratus, was impounded as evidence on April 15, 2011 and, according to the Attorney General is still in the possession of the Columbus Police Department as of the date of this hearing January 11, 2012.  For a period of 271 days the applicant has been deprived the use of his vehicle.

{¶17} While the Attorney General concedes loss of use expenses may be reimbursable, he is reluctant to authorize such an expense since it is contrary to office policy and no case precedent for reimbursement of such expense could be found.  However, this panel recognizes that the language contained in the statute is broad and the need for interpretation is necessary.  R.C. 2743.51(U) references only "property confiscated for evidentiary purposes related to the criminally injurious conduct."  Property is not defined in the statute.  Black's Law Dictionary, Eighth Edition (2004) defines replacement cost as: "the cost of a substitute asset that is equivalent to an asset

currently held. The new asset has the same utility but may or may not be identical to the one replaced." Accordingly, we find that the car rental cost for the loss of the applicant's vehicle due to it being impounded by law enforcement for evidentiary purposes is a compensable expense pursuant to R.C. 2743.51(U).

{¶18} The Attorney General is directed to calculate the applicant's loss based on the fair market rental of a vehicle to replace the applicant's vehicle for a period of 271 days. Reimbursement for this loss shall not exceed $750.00 as mandated by R.C. 2743.51(U).

{¶19} Therefore, the September 26, 2011 decision of the Attorney General is reversed.

{¶20} IT IS THEREFORE ORDERED THAT

{¶21} The September 26, 2011 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant;

{¶22} This claim is remanded for calculation of economic loss pursuant to R.C. 2743.51(U) in accordance with the above-mentioned directions;

{¶23} This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶24} Costs are assumed by the court of claims victims of crime fund.

_____
E. JOEL WESP
Presiding Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

_____
NECOL RUSSELL-WASHINGTON
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\V2011-60841 Mason.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 2-10-12
Jr. Vol. 2282, Pgs. 62-68
Sent to S.C. reporter 10-9-12